George LOVE, Susan Martinez, and Geneva Hunt, Individually and on behalf of all other persons similarly situated, Plaintiffs-Appellants,

v.

MAYOR, CITY OF CHEYENNE, WYOMING and Don Erickson, Individually and in his official capacity as Mayor; City Council of Cheyenne, Wyoming, and James T. Griffith, Individually and in his official capacity as President; and the members, employees, agents and successors of the above, Defendant-Appellees.

No. 78–1481.

United States Court of Appeals, Tenth Circuit.

Argued April 16, 1980.

Decided April 28, 1980.

Rehearing Denied May 23, 1980.

---

Stephen L. Pevar, Denver, Colo., for plaintiffs-appellants.

Bert T. Ahlstrom, Jr., Cheyenne, Wyo. (J. Douglas McCalla, Cheyenne, Wyo., with him on the briefs), for defendants-appellees.

Before SETH, Chief Judge, and McKAY and SEYMOUR, Circuit Judges.

SETH, Chief Judge.

Appellant challenged the constitutionality of a city ordinance and prevailed. The ordinance conditioned the offering of religious matter door-to-door upon obtaining a permit. The trial court found unbridled discretion in the sheriff to disapprove such permits and accordingly held the ordinance unconstitutional. Subsequently, appellant filed a motion for an award of reasonable attorney's fees pursuant to 42 U.S.C. § 1988. The trial judge denied the motion. The sole issue on appeal is whether the trial judge erred in denying the motion for attorney's fees.

■ A prevailing party in a civil rights action such as this is ordinarily entitled to reasonable attorney's fees, 42 U.S.C. § 1988, unless special circumstances would render such an award unjust. *Newman v. Piggie Park Enterprises*, 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263. Congress contemplated this standard in enacting the attorney's fee award amendment to § 1988. S.Rep.No. 1011, 94th Cong., 2d Sess. 4, *reprinted in*

[1976] U.S.Code Cong. & Admin.News, p. 5908. This in part states:

"It is intended that the standards for awarding fees be generally the same as under the fee provisions of the 1964 Civil Rights Act. A party seeking to enforce the rights protected by the statutes covered by S.2278, if successful, 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.' *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402 [88 S.Ct. 964, 19 L.Ed.2d 1263] (1968)."

*See Francia v. White*, 594 F.2d 778 (10th Cir.). 42 U.S.C. § 1988 reads in applicable part:

"In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

■ The lower court based its denial of the motion for attorney's fees on its finding that defendants acted in good faith and that an award of attorney's fees would be unjust. The attorney's fee amendment to § 1988 contains no suggestion that there is a need to establish bad faith as a basis for the award of attorney's fees. *See Gates v. Collier*, 559 F.2d 241 (5th Cir.). This court recently affirmed an award of § 1988 attorney's fees against defendants without a good faith or bad faith condition. *Battle v. Anderson*, 614 F.2d 251 (10th Cir.). In *Hutto v. Finney*, 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522, the Supreme Court gave the Act a broad interpretation and affirmed an award of attorney's fees under § 1988 against a good faith defendant. Thus the good faith of the defendant is not a reason for the denial of § 1988 attorney's fees.

■ The trial court also stated that the award of fees would be "unjust." Under the decisions the presence of good faith is not a "special circumstance" as the term is used in the Senate Report quoted above. The record before us contains nothing which would constitute "special circumstances." A similar Green River ordinance in another Wyoming city had been declared

unconstitutional shortly before, and the movants had sought to work out the differences in meetings with the city attorney and the city police. The suit thus became the only course open to movants according to this record. While there have been decisions denying attorney's fees as unjust, these have been few and very limited. For example, one court declined to assess attorney's fees against defendants who were powerless to provide the remedy sought by the prevailing plaintiff. *Consumers Union of United States v. American Bar Ass'n,* 470 F.Supp. 1055 (E.D.Va.) (three-judge court), *prob. juris. noted,* 444 U.S. 914, 100 S.Ct. 226, 62 L.Ed.2d 168. The court did assess attorney's fees against the remaining defendants. Another court denied attorney's fees to a prevailing party whose conduct the court found outrageous. *Scheriff v. Beck,* 452 F.Supp. 1254, 1260 (D.Colo.) (Plaintiff's claim "was precipitated by an irrational, deliberate scheme to involve [defendant] in some type of litigation."). We perceive in the record before us no extraordinary or unusual factors that would render an award of attorney's fees unjust. Plaintiff challenged as unconstitutional an ordinance and prevailed under well-settled first amendment principles after attempts to negotiate had failed.

 We remand the case for the trial court's determination of attorney's fees within the discretion provided by § 1988. *Lund v. Affleck,* 587 F.2d 75 (1st Cir.). *See EEOC v. Safeway Stores,* 597 F.2d 251 (10th Cir.), and *Gagne v. Maher,* 594 F.2d 336 (2d Cir.), *cert. granted,* 444 U.S. 824, 100 S.Ct. 44, 62 L.Ed.2d 30 *argued,* 48 U.S. L.W. 3449 (U.S. Jan. 9, 1980). It is well-settled that the ACLU is entitled to an award of attorney's fees under § 1988. *Dennis v. Chang,* 611 F.2d 1302 (9th Cir.); *Reynolds v. Coomey,* 567 F.2d 1166 (1st Cir.). In its determination the court should consider the factors listed in the House Report (No. 1558, 94th Cong., 2d Sess. 8), and the Senate Report (No. 1011, 94th Cong., 2d Sess. 6), and such other factors as the court deems pertinent. Counsel for appellee strongly urged on appeal that a plaintiff's ability to pay is a special circumstance which could render an award of attorney's fees unjust.

Because the record is undeveloped on this issue, we express no opinion on whether a trial court may consider ability to pay in exercising its discretion to award a reasonable attorney's fee under § 1988.

Awards of attorney's fees under this Act should be supported by findings of fact sufficient to demonstrate how the conclusion was reached. *See Northcross v. Board of Ed. of Memphis City Schools,* 611 F.2d 624 (6th Cir.); *Davis v. Fletcher,* 598 F.2d 469 (5th Cir.).

Plaintiff is also entitled to attorney's fees for work done on appeal, *Hutto v. Finney,* 437 U.S. 678, 693–700, 98 S.Ct. 2565, 2575–2578, and for work done in resolving the fee issue itself, *Bagby v. Beal,* 606 F.2d 411 (3d Cir.). These two factors should also be included in the consideration given by the trial court, and fees for work in this court should thus be included.

REVERSED and REMANDED.