Harold Lee MILLER, Plaintiff,

v.

CITY OF MISSION, KANSAS; Rolan R. Warman, Jr.; George C. Lauber; Jerry Schmitz; Warren C. Neal; Robert R. Mellott; and William M. King, Defendants.

Civ. A. No. 77–2259.

United States District Court, D. Kansas.

July 1, 1981.

Bryan E. Nelson, Alder, Nelson & McKenna, Overland Park, Kan., for plaintiff.

James Eisenbrandt, Overland Park, Kan., for defendants.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This case is before the Court for determination of various post-trial motions by both plaintiff and defendants. For purposes of this order, we are considering Docket Entries No. 149, 153, 154, 155 and 157 through 166. On April 2, 1981, during the trial, defendants filed a motion (Docket Entry No. 142) to set aside the summary judgment entered by the Honorable Earl E. O'Connor on April 10, 1980. This motion was also made verbally at the close of all the evidence, and same was denied from the bench on April 2, 1981. However, apparently not realizing this motion had been overruled, plaintiff, on May 1, 1981, a month after the trial, filed suggestions in opposition to defendants' motion to set aside summary judgment (Docket Entry No. 156). Because we have previously ruled on that motion, we will disregard plaintiff's response to it.

Plaintiff brought this action pursuant to 42 U.S.C. § 1983 against the City of Mission, Kansas, and the mayor and city council members for injuries he claimed he sustained as a result of his discharge as Assistant Police Chief of that city. The case was tried to a jury, which returned a verdict in the form of answers to special questions. In accordance with those answers, on April 7, 1981, the Court entered judgment for plaintiff in the amount of One Hundred Ninety Thousand Dollars ($190,000) against all defendants, Twenty-Seven Thousand Five Hundred Dollars ($27,500) against the City of Mission and Rolan R. Warman, Jr., and Seventy Thousand Eight Hundred Ninety-Five Dollars ($70,895) against the City alone. See Journal Entry of Judgment (Docket Entry No. 148).

## I. DEFENDANTS' MOTION TO ALTER OR AMEND JUDGMENT (Docket Entry No. 153)

Defendants move the Court, pursuant to Rule 59(e), F.R.Civ.P., to alter or amend its judgment entered on April 7, 1981. The jury found that plaintiff was terminated

from his position as Assistant Police Chief without cause, and found that plaintiff's damages resulting from the termination amounted to One Hundred Fifty Thousand Dollars ($150,000). In the Journal Entry of Judgment, the Court ordered that amount assessed against all defendants. Defendants argue that those damages flowing from plaintiff's termination without cause should not be assessed against defendants George C. Lauber, Jerry Schmitz, Warren C. Neal, Robert R. Mellott or William M. King, for the reason that they did not terminate plaintiff, that the mayor only had the power to terminate plaintiff under the ordinances of the City of Mission, and that the mayor did in fact terminate plaintiff. Defendants also argue that the only place on the special verdict form for assessment of liability against the individual defendants related to the deprivation of property and the deprivation of liberty without due process. We find that the judgment should not be altered or amended, and defendants' motion should be denied.

■ We believe it is undisputed that Mayor Warman actually terminated plaintiff from his job. However, it was not the termination itself which was a deprivation of plaintiff's constitutional rights in violation of 42 U.S.C. § 1983. The jury was instructed that the Fourteenth Amendment to the United States Constitution guarantees that a state shall not deprive anyone of his property without due process of law. Judge O'Connor had previously determined that plaintiff was deprived of his property without due process of law when he was discharged without being given a pretermination hearing. Thus, it was the discharge coupled with the denial of a hearing prior to discharge which was the unconstitutional deprivation of property.

We held as a matter of law that the City of Mission was responsible because the defense of good faith was no longer available to municipalities under *Owen v. City of Independence*, 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 639 (1980), and because we found that the defense of emergency was not available, in that no reasonable person could find that an emergency situation existed which would justify the denial of a pretermination hearing. The jury was told that plaintiff had been deprived of his property unconstitutionally, and the City of Mission was liable. It only remained for the jury to decide which of the individual defendants, if any, were also responsible for the unconstitutional deprivation of plaintiff's property.

The jury was instructed that a person is liable not only for direct personal participation in depriving another of his constitutional rights but also for setting in motion a series of acts which the person knows or reasonably should know will cause others to inflict the unconstitutional injury. The jury was also instructed on the defense of good faith available to the individual defendants. The jury found that *all* of the individual defendants deprived plaintiff of his property without due process of law and that each of them failed to prove by a preponderance of the evidence that he acted reasonably and in good faith in denying plaintiff a hearing prior to his termination. Thus, although Mayor Warman was responsible for actually effecting plaintiff's termination, the jury found all the individual defendants responsible for depriving plaintiff of his constitutional rights in connection with the termination.

The United States Supreme Court, in *Carey v. Piphus*, 435 U.S. 247, 260–61, 98 S.Ct. 1042, 1050–51, 55 L.Ed.2d 252 (1978), seems to accept the proposition that if a person would not have been discharged if a proper hearing had been held, then that person will "be entitled to recover damages to compensate [him] for injuries caused by the [discharge]." The underlying assumption is that the failure to hold a hearing caused the termination or, in other words, if a hearing had been held, the person could have refuted the charges against him sufficiently to prevent his discharge.

Because the jury found that there was not substantial evidence to justify plaintiff's termination, we found that it is more likely than not that plaintiff would not have been discharged had a pretermination

hearing been held. Accordingly, under *Carey*, plaintiff is entitled to damages for injuries resulting from the discharge, namely, One Hundred Fifty Thousand Dollars ($150,000), as found by the jury. That amount could properly be assessed against all the individual defendants because their acts made plaintiff's termination without a hearing a deprivation of his property without due process of law in violation of the Fourteenth Amendment.

## II. *MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT, OR, IN THE ALTERNATIVE, FOR A NEW TRIAL* (Docket Entry No. 154)

In considering a motion for judgment notwithstanding the verdict, the Court must view the evidence in the light most favorable to the party against whom the motion is made. *Weeks v. Latter-Day Saints Hospital*, 418 F.2d 1035 (10th Cir. 1969). A judgment n. o. v. may not be granted unless the evidence points but one way and is susceptible to no reasonable inferences which may sustain the position of the non-moving party. *Symons v. Mueller Company*, 493 F.2d 972 (10th Cir. 1974). The Court may not weigh the evidence presented, *Wilkin v. Sunbeam Corp.*, 377 F.2d 344 (10th Cir. 1967), pass on the credibility of the witnesses, 9 Wright & Miller, Federal Practice and Procedure § 2527, or substitute its judgment of the facts for that of the jury, *Swearngin v. Sears Roebuck & Co.*, 376 F.2d 637 (10th Cir. 1967). Based on the above standards, we find that there was sufficient evidence to support the jury's verdict and that the evidence was not so overwhelmingly in favor of defendants so as to justify a judgment n. o. v.

In considering a motion for a new trial, the Court is permitted to weigh the evidence and it may order a new trial even if there is evidence to support the jury's verdict. 11 Wright & Miller, Federal Practice and Procedure § 2806. However, the Court should not grant a new trial unless it finds that prejudicial error has entered the record or that substantial justice has not been done. *Seven Provinces Ins. Co., Ltd.*

*v. Commerce and Industry Ins. Co.*, 65 F.R.D. 674 (W.D.Mo.1975). Defendants raise many points which they contend constitute error requiring a new trial. After careful consideration of these points, we find none is of such significance or so affected the fairness of the trial as to warrant a new trial. Therefore, defendants' motion for judgment notwithstanding the verdict, or, in the alternative, for a new trial will be overruled.

## III. *MOTION FOR AFFIRMATIVE AND EQUITABLE RELIEF IN ACCORDANCE WITH THE VERDICT AND FOR ATTORNEY FEES AND COSTS* (Docket Entry No. 149)

Plaintiff has requested that the City of Mission be ordered to purge plaintiff's employment records of "any statement, suggestion, remark or innuendo that plaintiff was fired from his position as Captain and Assistant Chief of Police 'for cause.'" Plaintiff also requests that his employment records be amended "to reflect 'retirement' status."

We decline to order the equitable relief plaintiff requests. The jury's decision in the case of *Miller v. City of Mission, Kansas, et al.*, is a matter of public record, and any misconception due to a reading of plaintiff's employment records may be corrected by reference to the court file. Therefore, we find it unnecessary and inappropriate for this Court to interfere with the personnel records of the City of Mission, and plaintiff's motion for equitable relief will be denied in that respect.

Plaintiff and his attorneys next request an award of attorney's fees and litigation expenses pursuant to 42 U.S.C. § 1988. Bryan Nelson, one of plaintiff's attorneys, by way of a supplemental affidavit (Docket Entry No. 165), has submitted a revised statement of expenses and time spent by his law firm in its representation of plaintiff during this lawsuit. Mr. Nelson has also submitted all of the time slips maintained by the law firm during the course of the litigation of plaintiff's case. The statement lists Four Thousand Seven Hundred

Eleven and 46/100 Dollars ($4,711.46) in out-of-pocket expenses and Two Thousand Two Hundred Fifty-Eight and 25/100 Dollars ($2,258.25) in court costs for a total of Six Thousand Nine Hundred Sixty-Nine and 71/100 Dollars ($6,969.71). The statement also lists 656.9 attorney hours spent prior to and during trial; 54.9 attorney hours since the trial; 265.1 total law clerk hours; and three weeks work by a paralegal at a compensation of Four Hundred Eighty-Two Dollars ($482). Plaintiff's attorneys suggest a rate of compensation of Twenty-Five Dollars ($25) per hour for the law clerk hours and Seventy-Five Dollars ($75) per hour for the attorney hours. Counsel also requests a multiple of two for purposes of enhancement of the "lodestar" figure.

42 U.S.C. § 1988 provides: "In any action or proceeding to enforce a provision of sections [1981, 1982, 1983, 1985 and 1986 of this title] . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." The present action was brought under § 1983, and therefore § 1988 applies. There is no question that plaintiff is a "prevailing party."

The legislative history of § 1988 and the cases interpreting the act clearly indicate that attorney's fees are to be awarded to a prevailing plaintiff unless there are special circumstances which would render such an award unjust. *E. g., Supreme Court of Virginia v. Consumers Union of the United States, Inc.*, 446 U.S. 719, 100 S.Ct. 1967, 64 L.Ed.2d 641 (1980); *Love v. Mayor of Cheyenne*, 620 F.2d 235, 236 (10th Cir. 1980). In the *Love* case, the Tenth Circuit Court of Appeals said: "While there have been decisions denying attorney's fees as unjust, these have been few and very limited." 620 F.2d at 237. We find that no such special circumstances exist here, and therefore plaintiff is entitled to an award of reasonable attorney's fees.

The amount of those fees is to be determined by multiplying the hours reasonably necessary to the prosecution of the successful claim times a reasonable hourly rate to arrive at a "lodestar" or starting figure, which may then be enhanced, or presumably diminished, after consideration of other pertinent factors. The factors to be considered are enumerated in *Francia v. White*, 594 F.2d 778, 784 (10th Cir. 1979):

"1. The time and labor required.

2. The novelty and difficulty of the questions.

3. The skill requisite to perform the legal service properly.

4. The preclusion of other employment by the attorney due to acceptance of the case.

5. The customary fee.

6. Whether the fee is fixed or contingent.

7. Time limitations imposed by the client or the circumstances.

8. The amount involved and the results obtained.

9. The experience, reputation, and ability of the attorney.

10. The 'undesirability' of the case.

11. The nature and length of the professional relationship with the client.

12. Awards in similar cases."

The Court finds that a rate of Sixty Dollars ($60) per hour is a reasonable fee in this case and represents adequate compensation for counsel in a civil rights case in federal court in this geographic area. Although the prevailing rate in the community may be somewhat higher at the present time, not all of the hours were logged in 1981, the case having been commenced in 1977. While we believe this case might have been prepared in fewer hours than the number submitted by plaintiff's attorneys, we do not find that a total of 711.8 hours exceeds the bounds of reason, although it approaches the outer limits. Thus, multiplying 711.8 hours by a rate of Sixty Dollars ($60) per hour produces a lodestar amount of Forty-Two Thousand Seven Hundred Eight Dollars ($42,708). Having carefully considered each of the twelve factors set out above, we find that no enhancement of the lodestar amount is warranted in this case.

Given the almost four-year duration of the case, we find that a rate of Twenty Dollars ($20) per hour is a reasonable average rate for the law clerk hours expended over the course of the lawsuit. Therefore, the amount of Five Thousand Three Hundred Two Dollars ($5,302) [265.1 hours × $20 per hour] will be added to the amount calculated for attorney hours, for a total attorney's fee award of Forty-Eight Thousand and Ten Dollars ($48,010).

Since plaintiff's counsel has not advised the Court of any fee arrangement with the plaintiff, we assume that counsel was working on an hourly basis. If this is not the case, we hereby hold any fee agreement which is not before this Court void.

Plaintiff has requested reimbursement for certain items he denominates "court costs" and other denominated "expenses." Defendants question the propriety of assessing these items against them under 42 U.S.C. § 1988, especially the fees charged by plaintiff's two expert witnesses, expenses for audio-visual aids used at trial, and unspecified "miscellaneous trial materials."

Costs are assessed pursuant to Rule 54(d), F.R.Civ.P., and 28 U.S.C. § 1920. The Tenth Circuit has held that "there is a presumption that the prevailing party shall recover costs, and that some reason must appear for penalizing the prevailing party if costs are to be denied." *True·Temper Corp. v. CF&I Steel Corp.*, 601 F.2d 495, 509–10 (10th Cir. 1979). However, the United States Supreme Court has said: "[T]he discretion given to district judges to tax costs should be sparingly exercised with reference to expenses not specifically allowed by statute." *Farmer v. Arabian American Oil Company*, 379 U.S. 227, 235, 85 S.Ct. 411, 416, 13 L.Ed.2d 248 (1964).

The costs and expenses requested include the clerk's filing fee; marshal's fees; witness and witness mileage fees; four depositions; a portion of a transcript; photocopying; the law firm's mileage; preparation of audio-visual aids for use in trial; medical examination of plaintiff; doctor's report and appearance at trial; actuary's report and appearance at trial; copy of plaintiff's deposition; miscellaneous trial materials; paralegal services for three weeks; and service of subpoenas.

The clerk's filing fee, the marshal's fees, and the statutory witness fees are clearly recoverable under 28 U.S.C. § 1920. Fees for transcripts are also recoverable under this section if the transcript is "necessarily obtained for use in the case." Defendants do not dispute that the partial transcript of the April 10, 1980, hearing was necessarily obtained for use in the case. Therefore, that item of expense will be allowed.

The general rule for expenses incident to preparing a party's case for trial is that they are not recoverable. 6 Moore's Federal Practice ¶ 54.70[1]. The traveling expenses of plaintiff's attorneys would certainly fall within this category, and thus will be disallowed. *See* 6 Moore's ¶ 54.77[8]. We believe the miscellaneous trial materials, photocopying expenses, the copy of plaintiff's deposition, plaintiff's medical examination and the services of a paralegal for three weeks are expenses incident to preparation for trial, and therefore should not be taxed to defendants.

The general rule pertaining to the expense of audio-visual aids used at trial is set out in 6 Moore's Federal Practice ¶ 54.77[6] and adopted by Judge Theis in the case of *Quandt v. Beech Aircraft Corp.*, No. W–4464, unpublished (D.Kan. 4/24/81):

"The reasonable expense of preparing maps, charts, photographs, motion pictures, photostats and kindred materials is taxable as costs under § 1920(4) when necessarily obtained for use in the case. Here, too, it is advisable to obtain authorizations at a pretrial conference or otherwise prior to incurring large items of expense if counsel expects to have them taxed as costs, although it is not an absolute prerequisite. The expense of items merely illustrative to expert testimony, other evidence, or argumentative matters, or obtained for convenience in preparation of trial are normally not taxable as costs." [Footnotes omitted.]

■ The Court finds that plaintiff herein did not seek prior authorization for the blow-ups of the actuarial charts and of the Kansas Open Meeting Law. We also find that these items were illustrative of other evidence adduced at trial, and therefore should be disallowed under the above rule.

■ Plaintiff also seeks recovery of fees paid the two expert witnesses—a medical doctor and an actuary—for their reports and fees for testifying. The general rule is that it is improper for the court to assess compensation paid expert witnesses in excess of the statutory allowances under 28 U.S.C. § 1821. *Quandt v. Beech, supra*; 6 Moore's Federal Practice ¶ 54.77 [5.—3]. Therefore, plaintiff is entitled to recover a Thirty Dollar ($30) attendance fee for each of his expert witnesses pursuant to 28 U.S.C. § 1821, which we assume has been included in the $871.90 submitted as "witness and mileage fees."

■ Plaintiff has requested reimbursement for the cost of the depositions of Frank Hursch, Rolan Warman, Jr., George Lauber and Kathy Lamphear. The deposition of Kathy Lamphear is not filed with the Court, and thus will not be assessed as a cost in this action. The standard used to determine if deposition expenses can be taxed as costs is whether the Court can conclude that the depositions were "necessarily obtained for use in the case." *Security National Bank v. Belleville Livestock Commission*, No. 74–186–C5, unpublished (D.Kan. 12/7/76) (Rogers, J.); 6 Moore's Federal Practice ¶ 54.77[4] and cases cited therein. Defendants have not specifically opposed the assessment of deposition expenses as costs and do not assert that the three depositions in question were not reasonably necessary for use in the case. We find that, although not used extensively at trial, the depositions were used in the successful motion for partial summary judgment and were reasonably necessary for use in the case. The expense of the depositions of Rolan Warman, Jr., George Lauber and Frank Hursch will be taxed as costs to defendants.

■ The expense of serving subpoenaes will be allowed.

Costs will be assessed against defendants in the amount of Two Thousand Forty-Two and 28/100 Dollars ($2,042.28). Nothing said in this Memorandum and Order will in any way prohibit plaintiff from reimbursing his counsel for the Five Thousand Four Hundred Nine and 43/100 Dollars ($5,409.43) in expenses advanced by counsel, which under the law cannot be assessed against defendants.

IV. *MOTION FOR ADDITIONAL AFFIRMATIVE AND EQUITABLE RELIEF IN ACCORDANCE WITH THE VERDICT* (Docket Entry No. 163)

Plaintiff has moved the Court for an order permanently enjoining the City of Mission, Kansas, from attempts to malign plaintiff's reputation and standing in the community. In addition, plaintiff asks that the City be ordered to retract the statements contained in a newsletter distributed to citizens of Mission after the completion of this case, or in the alternative, to provide plaintiff with the means and opportunity to respond to the newsletter. Defendants have not responded to the motion.

■ The newsletter, which is attached to plaintiff's motion, is merely entitled "NEWSLETTER," and has nothing on it which would identify it as an official publication of the City. Plaintiff has submitted nothing which would authenticate the publication or tie it to any of the defendants. Plaintiff's request for further relief will therefore be denied.

IT IS THEREFORE BY THE COURT ORDERED that defendants' Motion to Alter or Amend Judgment (Docket Entry No. 153) is hereby overruled.

IT IS BY THE COURT FURTHER ORDERED that defendants' Motion for Judgment Notwithstanding the Verdict, or, In the Alternative, for a New Trial (Docket Entry No. 154) is hereby overruled.

IT IS FURTHER ORDERED that plaintiff's Motion for Affirmative and Equitable Relief in Accordance with the Verdict and

for Attorney Fees and Costs (Docket Entry No. 149) is hereby granted in part and denied in part. Defendants are hereby taxed the amount of Forty-Eight Thousand and Ten Dollars ($48,010) as plaintiff's attorney's fees and the amount of Two Thousand Forty-Two and 28/100 Dollars ($2,042.28) as costs herein. Any fee agreement between plaintiff and his counsel other than the payment of fees in the amount provided herein is hereby declared void.

IT IS FURTHER ORDERED that plaintiff's Motion for Additional Affirmative and Equitable Relief in Accordance with the Verdict (Docket Entry No. 163) is hereby overruled.