**Jerry Dean RAY, an individual, Plaintiff-Appellee,**

v.

**The CITY OF EDMOND, a municipal corporation, and Officer David Wilson, Officer Stan Suggs, Sergeant T. Huey, Officer Mike Wooldridge, individuals, together with other unknown police officers of the City of Edmond, Defendants-Appellants.**

No. 81–1155.

United States Court of Appeals, Tenth Circuit.

Submitted on the briefs pursuant to Tenth Circuit Rule 9.

Decided Oct. 29, 1981.

Mary Ann Karns, Edmond, Okl., for defendants-appellants.

James H. Harrod, Jack L. Freeman and James H. Buxton, Edmond, Okl., for plaintiff-appellee.

Before SETH, Chief Judge, and PICKETT and SEYMOUR, Circuit Judges.

PER CURIAM.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Circuit R. 10(e). The

---

cause is therefore ordered submitted without oral argument.

The City of Edmond, Oklahoma, brings this appeal from a decision of the district court awarding judgment on a jury verdict which found the City liable to Jerry Dean Ray for nominal and punitive damages as the result of an arrest effected by officers of the City's police department.

Ray brought this action pursuant to 42 U.S.C. § 1983, charging a violation of his civil rights through the use of excessive force and of unnecessary restraints during his detention. He also alleged that he was denied access to the telephone and consequently to bail for an unreasonable period of time. He sought actual, nominal, and punitive damages, naming the City and four of its officers as defendants.

The jury returned a verdict for the plaintiff, awarding in nominal damages $25,000 against the city and $50 against each of the named police officers, and in punitive damages $125,000 against the city, $100 against two of the police officers and $250 against the remaining two officers. Following defense motions for a new trial or a judgment notwithstanding the verdict, the district court granted the motion for a new trial unless the plaintiff agreed to remit all nominal damages awarded save one dollar per defendant. The plaintiff agreed to this remittitur. Plaintiff then moved for an award of attorney's fees as the prevailing party in a civil rights action. After a hearing the court awarded $52,464 in attorney's fees.

■ The City appeals the award of punitive damages. Under the authority of *City of Newport v. Fact Concerts Inc.,* —— U.S. ——, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981), we are compelled to reverse summarily the judgment entered by the district court. Therein the Supreme Court stated:

> [i]n sum, we find that considerations of history and policy do not support exposing a municipality to punitive damages for the bad faith actions of its officials. Because absolute immunity from such damages obtained at common law and was undisturbed by the 42d Congress, and because that immunity is compatible with

both the purposes of § 1983 and general principles of public policy, we hold that a municipality is immune from punitive damages under 42 U.S.C. § 1983. *City of Newport,* —— U.S. at ——, 101 S.Ct. at 2762.

We thus overrule any suggestion to the contrary in our earlier opinions. *See, e. g., Simineo v. School District No. 16, Park City, Wyoming,* 594 F.2d 1353 (10th Cir. 1979).

■■ The City has also objected to the amount of attorney's fees awarded by the court. There are a number of considerations which the court may take into account when determining an award of attorney's fees, one of which is the amount of recovery. *See, e. g., Gurule v. Wilson,* 635 F.2d 782 (10th Cir. 1980); *Love v. Mayor of Cheyenne,* 620 F.2d 235 (10th Cir. 1980); *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974). Because the award in this case will necessarily be revised in light of *City of Newport, supra,* the district court may wish to reconsider the amount of attorney's fees as well.

The judgment of the district court is vacated; this case is remanded for further proceedings consistent with this opinion.