**Leona LAUGHLIN, Plaintiff,**

v.

**BOARD OF COUNTY COMMISSION-
ERS OF JOHNSON COUNTY,
KANSAS, et al., Defendants.**

Civ. A. No. 83–2315.

United States District Court,
D. Kansas.

Aug. 27, 1984.

On Motion for Reconsideration
Dec. 6, 1984.

Bryan E. Nelson, Alder, Nelson & McKenna, Overland Park, Kan., for plaintiff.

Timothy J. Carmody, Staff Atty., Johnson County Legal Services, Philip S. Harness, County Counselor, Olathe, Kan., for defendants.

MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendants' motion to dismiss and motion for summary judgment. Plaintiff has also filed a motion for partial summary judgment.

Plaintiff brought this action pursuant to 42 U.S.C. 1983 for actions arising out of an allegedly wrongful termination of employment. Plaintiff also asserts that she was

denied a due process hearing prior to her termination.

Plaintiff was employed with the Motor Vehicle Division of the Johnson County, Kansas, Treasurer's Office for twenty-two (22) years and was a supervisor of the Motor Vehicle Department at the time of her termination. William O'Brien, County Treasurer, was the department head during the relevant time period. Plaintiff was terminated as of May 2, 1983, and the justification given was [1] failure to perform job adequately (specifically, incidents of April 11 and April 20, 1983), and [2] failure to report on-the-job injury. The "incidents" referred to arise from accusations that plaintiff struck two employees under her supervision.

Defendants have argued that the Eleventh Amendment to the United States Constitution is applicable in this case because the Motor Vehicle Department of Johnson County, Kansas, is an agency of the state. The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

It should be noted that as the Motor Vehicle Department is not a party to this suit, the issue of whether the department is an arm of the state need not be addressed.

█ Plaintiff has filed suit against the Board of County Commissioners of Johnson County, Kansas; the board members in their official and individual capacities; County Treasurer William O'Brien; and Personnel Director Dave Smokowicz. The Eleventh Amendment is not a shield for a state official confronted by a claim that he has deprived another of a federal right under color of state law. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Further, municipalities are not immune from suit under the Eleventh Amendment. *Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976). The Eleventh Amendment does not create a bar to this suit.

█ Defendants have further argued that the Board of County Commissioners should be dismissed from this suit as they had no authority to hire or fire the Motor Vehicle Department personnel. Defendants argue that only the County Treasurer had this authority pursuant to K.S.A. 8-145. This section authorizes a fund to pay for necessary help and expenses incidental to the administration of duties relating to the registration of vehicles.

In *Miller v. City of Mission, Kansas*, 516 F.Supp. 1333 (D.Kan.1981), the mayor and city council were held liable for damages for wrongful termination although only the mayor had the authority to terminate. In that case, this court noted that a person may be "liable not only for direct personal participation in depriving another of his constitutional rights but also for setting in motion a series of acts which the person knows or reasonably should know will cause others to inflict the unconstitutional injury." *Id.* at 1336.

The Board was involved in plaintiff's termination, as they heard plaintiff's final grievance. Arguably, the Board was in a position to prevent any injury, assuming such injury exists.

In considering a motion to dismiss, the factual allegations of the complaint must be taken as true and all reasonable inferences must be indulged in favor of plaintiff. *Mitchell v. King*, 537 F.2d 385 (10th Cir.1976); *Dewell v. Lawson*, 489 F.2d 877 (10th Cir.1974). A complaint should not be dismissed unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). The question is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

Based on these principles, the Board should remain in this action, along with defendants William O'Brien and Dave Smokowicz.

Both parties have filed summary judgment motions based on a due process right to pre-termination hearing issue. Due process procedural protections are invoked when interests in liberty or property are threatened. *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). A property interest requires more than a unilateral expectation. There must be a "legitimate claim of entitlement." *Id.* at 577, 92 S.Ct. at 2709.

Property interests are not created by the constitution, but arise from state law. *Bishop v. Wood,* 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976). Any property interest that the plaintiff claims must be derived from Kansas law. Kansas follows the general rule that in the absence of a contract, either express or implied, the employment is terminable at the will of either party. *Johnston v. Farmers Alliance Mutual Ins. Co.,* 218 Kan. 543, 545 P.2d 312 (1976).

Defendants argue that plaintiff was not vested with an "expectation of future employment" and thus did not hold a property interest in continued employment. Plaintiff asserts that she was a tenured, full-time, permanent employee and was protected by the provisions of the Johnson County Personnel Policy directing that cause be found for termination of a non-probationary employee. Plaintiff argues that defendant O'Brien had adopted these policies and provided copies of these policies to the departments under his supervision.

In *Johnson v. National Beef Packing Co.,* 220 Kan. 52, 551 P.2d 779 (1976), the Kansas Supreme Court considered a policy manual adopted by the defendant some time after plaintiff was hired. The court considered this manual as a unilateral expression of county policy, which amounted to a mere gratuity. *Id.* at 55. The court failed to find that the manual constituted either an express or implied contract of employment.

In the case at bar, the county personnel policies were likewise adopted sometime after plaintiff was hired. Plaintiff did not sign a written contract of employment, nor was plaintiff hired for any certain period of time. Applying the principles of Kansas law, plaintiff cannot be found to have a property interest in future employment.

In *Board of Regents v. Roth, supra,* the U.S. Supreme Court indicated that for a liberty interest to be implicated the plaintiff must show that a charge was made against him which rises to such a serious level as to place the employee's good name, reputation, honor or integrity at stake. The court has further held the employee must show that his dismissal resulted in the publication of information which was false and stigmatizing. *See Bishop v. Wood, supra,* 426 U.S. at 348, 96 S.Ct. at 2079. One is not deprived of liberty when he is not retained in one position but remains as free as before to seek another. *See Board of Regents v. Roth, supra.*

There is no indication that defendants did anything to make public the reasons for plaintiff's dismissal. The public disclosure arose after the filing of this suit. *Bishop v. Wood, supra,* states:

> ... Since the former communication was not made public, it cannot properly form the basis for a claim that petitioner's interest in his "good name, reputation, honor, or integrity" was thereby impaired. And since the latter communication was made in the course of a judicial proceeding which did not commence until after petitioner had suffered the injury for which he seeks redress, it surely cannot provide retroactive support for his claim. A contrary evaluation of either explanation would penalize forthright and truthful communication between employer and employee in the former instance, and between litigants in the latter.

*Id.* at 348–49, 96 S.Ct. at 2079.

Based on the foregoing, plaintiff cannot be found to have suffered a deprivation of a liberty interest.

Because neither property nor liberty interests are implicated, it is unnecessary for this court to discuss the elements of a due process hearing and whether such elements were met in this case.

Summary judgment is proper where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. F.R.C.P. 56. A motion under Rule 56 will be denied unless the movant demonstrates beyond doubt that he is entitled to a favorable ruling. *Madison v. Deseret Livestock Co.*, 574 F.2d 1027 (10th Cir.1978). Pleadings and documentary evidence are to be construed liberally in favor of a party opposing a Rule 56 motion. *Harman v. Diversified Medical Investments Corp.*, 488 F.2d 111 (10th Cir.1973), *cert. denied* 425 U.S. 951, 96 S.Ct. 1727, 48 L.Ed.2d 195 (1976). However, once a summary judgment motion has been properly supported, the opposing party may not rest on the allegations of the complaint, but must respond with specific facts showing the existence of a genuine factual issue to be tried. *Coleman v. Darden*, 595 F.2d 533, 536 (10th Cir.), *cert. denied* 444 U.S. 927, 100 S.Ct. 267, 62 L.Ed.2d 184 (1979). A party with evidence tending to create a factual issue must present that evidence to the trial judge or summary judgment is proper. *Otteson v. United States*, 622 F.2d 516, 520 (10th Cir. 1980).

IT IS BY THE COURT THEREFORE ORDERED that defendants' motion to dismiss is hereby denied. IT IS FURTHER ORDERED that plaintiff's motion for summary judgment is hereby denied. IT IS FURTHER ORDERED that defendants' motion for summary judgment is hereby granted.

## ON MOTION FOR RECONSIDERATION

This matter is before the court on plaintiff's motion for reconsideration of this court's order entered August 27, 1984 granting summary judgment in favor of defendants.

■ Plaintiff filed a complaint alleging wrongful termination of employment resulting in a violation of 42 U.S.C. 1983. Plaintiff was employed with the Motor Vehicle Division of the Johnson County, Kansas, Treasurer's Office for twenty-two years and was terminated on May 2, 1983, for [1] failure to perform job adequately (specifically, incidents of April 11 and April 20, 1983), and [2] failure to report an on-the-job injury. Plaintiff asserted she was denied procedural due process. This court found plaintiff did not have a constitutionally-protected property interest in future employment, therefore plaintiff's employment was terminable at will and a pre-termination hearing was not required.

In the previous order, this court relied in part on *Johnson v. National Beef Packing Co.*, 220 Kan. 52, 551 P.2d 779 (1976). That case provided the general rule

... that in the absence of a contract, express or implied, between an employee and his employer covering the duration of employment, the employment is terminable at the will of either party ...

*Id.*, 220 Kan. at 54, 551 P.2d at 781. In *Johnson*, a policy manual published long after plaintiff's initial employment was found to be a unilateral expression of company policy which amounted to a mere gratuity rather than an implied contract of employment.

The case at bar is factually similar in that the Johnson County Personnel Policy Manual was adopted some time after plaintiff's employment; plaintiff did not sign a written contract of employment, nor was plaintiff hired for any certain period of time. Plaintiff has now brought to this court's attention the possibility of the renegotiation of plaintiff's employment in 1975, when plaintiff refiled an employment application for her existing position. The policy manual was adopted by the Johnson County Commissioners in 1974. Viewing the facts in the light most favorable to plaintiff, this new factor creates a genuine issue of material fact as to whether an agreement existed which could give rise to a "legitimate claim of entitlement."

This court based its previous ruling on the issue of whether plaintiff had a constitutionally-protected interest and did not evaluate whether the procedures afforded plaintiff complied with due process. As the record is no longer available to this court because of plaintiff's premature filing of a notice of appeal, the court cannot now consider this issue.

IT IS BY THE COURT THEREFORE ORDERED that the order of August 27, 1984, in the above captioned case is hereby altered and amended and plaintiff's cause of action is reinstated.