**Arnoldo ORTEGA, Plaintiff,**

v.

**IBP, INC., Defendant.**

No. 92–2351–KHV.

United States District Court,
D. Kansas.

March 15, 1995.

David W. Hauber, Boddington & Brown, Chtd., Kansas City, KS, David O. Alegria, McCullough, Wareheim & La Bunker, P.A., Topeka, KS, for plaintiff.

John J. Jurcyk Jr., Douglas M. Greenwald, McAnany, Van Cleave & Phillips, P.A., Kansas City, KS, Katherine E. Rich, Holman, McCollum & Hansen, P.C., Prairie Village, KS, for defendant.

## MEMORANDUM AND ORDER

VRATIL, District Judge.

This matter comes before the Court on defendant's *Motion to Retax Costs* (Doc. # 276), filed February 2, 1995. On September 20, 1994, the Court held a jury trial on plaintiff's claim of retaliatory discharge against his former employer, IBP, Inc. At trial, plaintiff prevailed on the question whether defendant fired plaintiff because he refused to perform work which he was unable to perform due to a work related injury. Prior to trial, the Court dismissed *Tovar v. IBP*, Case # 94–3263–KHV, a companion case involving similar claims and the same attorneys, granting summary judgment to defendant, IBP.

Defendant objects to plaintiff's statement and bill of costs which the clerk approved on January 27, 1995. Defendant claims that many of the costs are not recoverable under 28 U.S.C. § 1920. Specifically, defendant claims that the clerk improperly taxed it for costs incurred in *Tovar v. IBP*, service of summons and subpoena fees, certain deposition fees, printing fees, witness fees, copying fees, and other miscellaneous fees.

■ "[C]osts shall be allowed as of course to the prevailing party" under Federal Rule of Civil Procedure 54(d). Section 1920 governs what specific costs the Court may tax. 28 U.S.C. § 1920. The clerk taxes the costs upon notice by the prevailing party. Fed.R.Civ.P. 54(d)(1). The Court reviews the clerk's assessments of costs *de novo. Ortega v. City of Kansas City, Kan.*, 659 F.Supp. 1201, 1218 (D.Kan.1987), *rev'd on other grounds*, 875 F.2d 1497 (10th Cir.1989). If § 1920 does not specifically authorize an expense, the Court may "sparingly exercise its discretion in allowing such costs." *Id.*

■ The prevailing party carries the burden of establishing that § 1920 authorizes the costs sought to be taxed. *Green Const. Co. v. Kansas Power & Light Co.*, 153 F.R.D. 670, 675 (D.Kan.1994). Courts may exercise discretion in determining the necessity of the materials or services to the case. 28 U.S.C. § 1920. Once the prevailing party meets

this burden, a presumption in favor of awarding the costs exists. *U.S. Indus., Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1245 (10th Cir.1988).

### Service of Process and Deposition Subpoena Fees

■ As companion cases, *Tovar* and *Ortega* issued joint deposition subpoenas with service occurring simultaneously. Therefore, no distinction between the two cases exists concerning the service of process and deposition subpoena fees. Plaintiff's statement of costs reflects this combined service of process and deposition for both *Ortega* and *Tovar*.

Defendant objects to the taxing of costs for service of process and deposition subpoenas for *Tovar*, on the grounds that defendant prevailed in one of the cases, *Ortega*. Applying the widely accepted reasoning that Congress intended to allow costs for private service of process, courts tax the costs of such service of process. *Griffith v. Mt. Carmel Medical Center*, 157 F.R.D. 499 (D.Kan. 1994). Because plaintiff issued identical service of process and subpoenas for both cases and plaintiff's claim required such, the Court will not divide the costs in half as defendant suggests. This reasoning follows from previous District of Kansas cases which allow full recovery of costs for the prevailing party although that party received only partial damages under a comparative negligence statute. *E.g. Weseloh–Hurtig v. Hepker*, 152 F.R.D. 198 (D.Kan.1993). Thus, the Court denies defendant's request to retax the costs of service of process and subpoena.

### Deposition Costs

■ Defendant objects to the fees for certain deposition costs. Courts have interpreted the statute, which allows "fees for the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case," to allow taxing of the costs of taking and transcribing depositions. 28 U.S.C. § 1920(2); *Ramos v. Lamm*, 713 F.2d 546 (10th Cir.1983). Courts allow the inclusion of the costs of copies of depositions reasonably necessary for trial in the taxing of

costs. 28 U.S.C. § 1920(4); *City of Kansas City*, 659 F.Supp. at 1219. Concerning the Korte, Downs and Sadler depositions, the Court concludes that defendant should not be taxed these costs. Korte and Downs appear only on the *Tovar* witness list. Sadler appears on no witness list. Plaintiff offers no rationale for taxing the costs of these depositions; he merely states that the law does not require that deposition transcripts be used at trial to be a taxable cost. While he states the law correctly, he also must carry the burden of persuasion. Without further explanation of the necessity of these three depositions, the Court is not persuaded that they were necessary. Therefore the Court sustains defendant's objections to taxing of costs for the Korte, Downs, and Sadler depositions.

■ In this same vein, defendant objects to the Holman, Wallace, and Devito depositions. The Court will allow taxing of the Wallace and Devito deposition costs because the record reflects that the Court approved those depositions. *Stipulation* (Doc. # 216), filed Aug. 30, 1994. As well, Holman appears on *Plaintiff's Witness and Exhibit List* (Doc. # 188), filed Aug. 1, 1994. Therefore the Court denies defendant's objections to taxing of costs for the Wallace, Devito, and Holman depositions.[1]

■ Defendant objects to costs for the Fiehler, Brownrigg, Trout, and Dombowski depositions because they were used in both *Tovar* and *Ortega*. Again, defendant is not entitled to a reduction in the taxing of costs because the depositions were used in both cases.

■ Finally, defendant objects to being taxed for the costs of the Ortega deposition, claiming that plaintiff had no need for his own deposition. The Court denies this objection. First, Mr. Ortega reasonably needed a copy of his deposition, taken by the defense, to prepare for trial. Second, this cost does not exceed reason because plaintiff has sought only the cost of copying, and not taking, the deposition.

---

1. Please refer to the following discussion of mailing costs, which limits the taxed costs.

Along with these objections to deposition and copying expenses, defendant questions the mailing expenses. Defendant correctly interprets the law in this area. Federal courts in Kansas deny taxation of postage costs based upon a lack of statutory authority in § 1920. *City of Kansas City,* 659 F.Supp. at 1219. Thus the Court finds that the postage costs associated with the Fiehler, Brownrigg, Holman, and Trout depositions should not be taxed to defendant.[2]

### Printing of Kansas Court of Appeals Brief

Defendant claims it should not be taxed the cost of printing the brief to the Kansas Supreme Court for the certified question regarding standard of proof in a retaliatory discharge case. Section 1920 addresses only those matters before the federal courts. Although the certified question presented to the Kansas Supreme Court did originate with this Court, the state court addressed the issue. Regardless, on this separate issue of proof, defendant's view and argument prevailed. The Court therefore sustains defendant's objection.

### Witness Fees

Defendant claims it is entitled to see the canceled witness fee checks to ensure plaintiff actually delivered the checks to the witnesses. Under the above explained burden of proof, the Court finds that plaintiff meets his burden of proving the authenticity of the disbursements by providing copies of the checks, as written by plaintiff. Plaintiff has done this and is entitled to a presumption that the costs should be awarded.

Further, § 1920(3) allows "fees and disbursements for ... witnesses." Through reference to 28 U.S.C. § 1821(b), courts may tax witness fees at $40.00 per day. *Meredith v. Schreiner Transport, Inc.,* 814 F.Supp. 1004 (D.Kan.1993). The prevailing party may also request the court to tax the costs of reasonable travel expenses for witnesses. *Id.* at 1007. Plaintiff's requested costs comport with the statutory guidelines.

Therefore the Court denies defendant's motion.

### Fees for Exemplification and Copies

Defendant claims that the costs of copying the Tovar personnel file, the Tovar medical file, and the IBP OSHA logs should not be taxed. As previously explained, the general rule establishes that the cost of copies may be taxed if those copies are reasonably necessary for use in the case. *City of Kansas City,* 659 F.Supp. at 1218. Plaintiff offers no argument as to why the Tovar files were necessary to the *Ortega* case. Because it also cannot identify a reason, the Court sustains defendant's motion as to the Tovar files. In its Order (Doc. # 224), filed August 31, 1994, the Court ruled that the OSHA logs could not be used at trial. Thus, the Court also sustains defendant's motion as to the OSHA files. Defendant also questions the reasonableness of plaintiff's charge of $1.00 per page for a fax which defendant requested on August 9, 1994. The Court finds that $1.00 per page is a reasonable and common charge for faxing and denies defendant's motion.

Finally, defendant objects to $240.87 in copying expenses. Defendant objects on the grounds of a lack of documentation of the type and necessity of the copying. Plaintiff merely provided the date of copying and dollar amount for each copying charge. Plaintiff provides no explanation of the nature of the document being copied. Although the Court finds that $240.87 is a minimal and reasonable charge for copying expenses, it denies defendant's objection pending plaintiff's submittal of a general explanation of the nature of the documents copied and their necessity to the litigation.

### Other Costs

Finally, defendant claims that expenses totalling $5,996.71 should not be taxable because § 1920 does not specifically address these expenses. These expenses include legal research, long distance phone calls, postage, fax services, mileage, and

---

**2.** Specifically, the receipts submitted by plaintiff show that these costs total $8.90, broken down as follows:

Fiehler—$2.90
Brownrigg—$3.00
Holman & Trout—$3.00

meals. The Court agrees that § 1920 does not address these types of expenses. In *City of Kansas City*, the court found that postage, long distance telephone calls, and computer assisted legal research expenses are not included in the expenses authorized to be taxed under § 1920. 659 F.Supp. at 1218. Under *Meredith*, courts may not tax travel and lodging expenses for counsel. 814 F.Supp. at 1007. Thus, the Court sustains defendant's objection to such costs.

■ Defendant also objects to being taxed for consulting and witness fees for plaintiff's expert witnesses. Under 28 U.S.C. § 1821(b), through § 1920, courts allow the taxing of a $40.00 per day for witness fees. *Meredith*, 814 F.Supp. at 1005. Defendant cites *Ramos* for the proposition that § 1920 does not allow the taxing of expert witness; however, it is unclear whether the court in that case refers to the expert's billing fee for services or to the statutorily compensable fee of the expert. In light of *Meredith* and the statutory language of 28 U.S.C. § 1821, this Court interprets *Ramos* to not allow reimbursement for the fee billed by the expert. A prevailing party, however, may tax the $40.00 per day witness fee for the expert witness. *See Miller v. City of Mission, Kan.*, 516 F.Supp. 1333, 1340 (D.Kan.1981); *Miller v. Cudahy Co.*, 656 F.Supp. 316, 337 (D.Kan.1987). Thus, plaintiff may tax a fee of $40.00 per day for each witness. Under this standard, plaintiff is due $40.00 for Dr. Schulman's testimony on September 22, 1994, and $40.00 for Mr. Olson's testimony on September 22, 1994.

Finally, defendant objects to taxing of the remainder of the Boddington & Brown bill not addressed by the above discussion. The remainder should only entail copying expenses. As the Court held with respect to unsubstantiated copying expenses, plaintiff must provided a general explanation of the nature of the copies identified in Attachment 22 of Document # 275 (January 27, 1995) and their necessity to the litigation.

**IT IS THEREFORE ORDERED** that defendant's *Motion to Retax Costs* (Doc. # 276) filed February 2, 1995, be and is hereby granted in part and denied in part. **On or before March 26, 1995,** plaintiff shall provide a more detailed explanation of copying expenses. The Court will then evaluate the necessity of plaintiff's copying expenses. Once the Court has resolved that issue, or the Court is informed that counsel have resolved it by agreement, the Court will direct the clerk to retax the costs.