Marvin TOWNSELL, Plaintiff,

v.

Michael LEWIS, Defendant.

No. 95–2339–KHV.

United States District Court,
D. Kansas.

Aug. 8, 1996.

Max D. Goracke, Kansas City, MO, for plaintiff.

Maurice J. Ryan, Julie B. Tincknell, City of Kansas City, Kansas–Legal Dept., Kansas City, KS, for Michael Lewis.

## MEMORANDUM AND ORDER

VRATIL, District Judge.

Plaintiff Marvin Townsell initiated this suit against former Kansas City, Kansas police officer Michael Lewis, alleging that Lewis used excessive force against him in violation of his constitutional rights. After a four day

trial, the jury returned a verdict in favor of defendant. The matter now comes before the Court on plaintiff's *Motion For Judgment As A Matter Of Law, Or, In The Alternative, For A New Trial* (Doc. # 67) filed June 17, 1996.

Judgment as a matter of law is appropriate under Rule 50(b) of the Federal Rules of Civil Procedure "only if the evidence, viewed in the light most favorable to the nonmoving party, points but one way and is susceptible to no reasonable inferences supporting the nonmoving party." *Riggs v. Scrivner, Inc.,* 927 F.2d 1146, 1149 (10th Cir.), *cert. denied,* 502 U.S. 867, 112 S.Ct. 196, 116 L.Ed.2d 156 (1991). Such judgment is proper only when "the evidence so strongly supports an issue that reasonable minds could not differ." *Ryder v. City of Topeka,* 814 F.2d 1412, 1418 (10 Cir.1987). In determining whether judgment as a matter of law is proper, the Court may not weigh the evidence, consider the credibility of witnesses, or substitute its judgment for that of the jury. *See Lucas v. Dover Corp.,* 857 F.2d 1397, 1400 (10th Cir.1988). Nevertheless, the Court must find more than a mere scintilla of evidence favoring the nonmovant; the Court must find that "evidence was before the jury upon which it could properly find against the movant." *Cooper v. Asplundh Tree Expert Co.,* 836 F.2d 1544, 1547 (10th Cir.1988).

The decision to grant a motion for new trial is committed to the trial court's sound discretion. *Marsh v. Coleman Co.,* 806 F.Supp. 1505, 1509 (D.Kan.1992). Motions for new trial are not regarded with favor and are only granted with great caution. *Id.* In considering a motion for new trial, the Court is permitted to consider the credibility of witnesses, but it "may not reweigh the evidence and set aside the verdict simply because it feels some other result would be more reasonable." *United States v. Thompson,* 1996 WL 224265, Case No. 95–20066.01 (D.Kan. April 5, 1996). The Court must view the evidence in the light most favorable to the prevailing party, *Neyman v. United Telecommunications, Inc.,* 1992 WL 97808, Case No. 90–2033–O, (D.Kan. April 7, 1992), *aff'd,* 1 F.3d 1249 (10th Cir.1993), and should not grant a new trial unless prejudicial error has occurred or substantial justice has not been done. *Miller v. City of Mission, Kan.,* 516 F.Supp. 1333, 1337 (D.Kan. 1981).

Plaintiff asserts that the only reasonable inference from the evidence is that defendant used excessive force against plaintiff. Specifically, plaintiff argues that no reasonable jury could have found that defendant was in reasonable fear for his life when he used deadly force against plaintiff. Plaintiff asserts that except for former Police Chief Dailey, whose testimony is purportedly incredible, every witness testified that defendant was not in front of plaintiff's car and was not in danger of injury when he fired at plaintiff. Plaintiff further contends that all of the testimony and physical evidence indicates that defendant was standing to the side of plaintiff's vehicle when he fired the shots and that no reasonable officer would use deadly force under such circumstances.

The Court rejects plaintiff's challenge to the sufficiency of the evidence. Based on the evidence presented at trial, the jury could reasonably conclude that defendant objectively feared for his life and acted appropriately under the circumstances. A reasonable juror could infer that defendant was standing in front of plaintiff's car when plaintiff started accelerating rapidly in his direction. Plaintiff asserts that the third and fourth shots were clearly fired from the side of the car, at a time when defendant did not fear for his life. Defendant presented evidence on which the jury could have concluded that defendant had a delayed response time before realizing that he was out of danger, however, and that such response was reasonable under the circumstances. In short, considering the evidence in light most favorable to defendant, the Court finds sufficient evidence to support the jury verdict in all respects. Plaintiff's motion should therefore be denied.

**IT IS THEREFORE ORDERED** that plaintiff's *Motion For Judgment As A Matter Of Law, Or, In The Alternative, For A New Trial* (Doc. # 67) filed June 17, 1996, be and hereby is overruled.