**Donna MEREDITH, Plaintiff,**

v.

**SCHREINER TRANSPORT, INC., Defendant.**

**Civ. A. No. 91–1028–MLB.**

United States District Court, D. Kansas.

Feb. 11, 1993.

See also, 814 F.Supp. 1001.

Lelyn J. Braun, Topeka, KS, for Donna Meredith.

Martha Shaffer, Office of the Atty. Gen., Las Vegas, NV, State of Nevada, Lienholder.

Randy J. Troutt, Kahrs, Nelson, Fanning, Hite & Kellogg, Wichita, KS, for Schreiner Transport, Inc.

## ORDER REGARDING COSTS

BELOT, District Judge.

On June 18, 1992, a judgment was entered in favor of plaintiff pursuant to a jury verdict of $61,815 (Doc. 28). On July 20, 1992, plaintiff's counsel filed a bill of costs to which defendant promptly objected (Docs. 31 and 32). Plaintiff then filed a memorandum in support of her bill of costs (Doc. 39) but thereafter she filed an amended bill (Doc. 42). Defendant filed a timely motion to retax costs (Doc. 44) and that motion is now before the court. Plaintiff's counsel has indicated he will stand on his previously-filed memorandum in support of the costs (Doc. 39).

Taxation of costs is authorized by Fed. R.Civ.P. 54(d) and governed by 28 U.S.C. § 1920 which provides:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

Defendant does not object to taxation of the docket fee ($120) but it does object to portions of the $5,600 claimed as witness fees and $3,232.75 claimed as "other costs."

### Witness Fees

According to the schedule submitted by plaintiff, the witness fees are those of physicians whose video depositions were shown at trial and of an economist who testified at trial. Plaintiff contends that these costs are authorized by 28 U.S.C. § 1920 citing *Ortega v. City of Kansas City, Kansas,* 659 F.Supp. 1201, 1218 (D.Kan.1987). Defendant responds that costs for expert witnesses are limited to those allowed by 28 U.S.C. § 1821(b) which provides for an attendance fee of $40 per day.

Plaintiff is correct in stating that *Ortega* holds that the court must allow the prevailing party to recover all costs authorized by 28 U.S.C. § 1920 unless some reason appears for penalizing the prevailing party. No such reason appears here. However, *Ortega* also states that where expenses are not specifically authorized by section 1920, the court should sparingly exercise its discretion in allowing such costs.

*Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987) unequivocally holds that when a prevailing party seeks reimbursement for fees paid to its own expert witnesses, a federal court is bound by the limits of 28 U.S.C. § 1821, absent contract or explicit statutory authority to the contrary. See also *Chaparral Resources, Inc. v. Monsanto Co.,* 849 F.2d 1286 (10th Cir.1988). 28 U.S.C. § 1821 limits witness fees to $40 per day for each day's attendance. There is no statute which specifically allows a court to tax expert witness fees as costs and therefore they will be disallowed.

### Other Costs

Plaintiff seeks taxation of costs for the taking of videotape depositions, for rental of the equipment required to show the depositions at trial, for the stenographic transcripts accompanying the video depositions and for travel and lodging expenses of plaintiff, counsel and her economic expert, James Evenson.

The costs associated with the taking of the videotape depositions are not specifically authorized by 28 U.S.C. 1920(2). However,

numerous courts have held that costs associated with video deposition are nevertheless recoverable. See *Commercial Credit Equipment Corp. v. Stamps,* 920 F.2d 1361, 1368 (7th Cir.1990) and the cases cited therein. Such costs also include those associated with showing the videotapes at trial. *Deaton v. Dreis and Krump Mfg. Co.,* 134 F.R.D. 219, 222 (N.D.Ohio 1991). See also Wright & Miller, Federal Practice and Procedure: Civil, 1992 Supp. § 2115. It would seem a non sequitur to allow the costs of taking a videotape deposition but to disallow the costs of showing it at trial.

But what about the situation, such as in this case, when the prevailing party seeks the costs associated with *both* the videotape depositions *and* the accompanying stenographic transcripts? *Commercial Credit, supra* at p. 1369 disallowed costs pertaining to stenographic transcripts. The court reasoned that Fed.R.Civ.P. 30(b)(4)'s language that "A party may arrange to have a stenographic transcription made at the party's own expense" seems to remove the court's discretion to tax the costs of stenographic transcripts in addition to the costs of videotape depositions.

■ This court respectfully disagrees with the Seventh Circuit's reasoning. Rule 30(b)(4) allows a party to have a stenographic transcript *made* at its own expense. The rule says nothing about taxation of costs for such a transcript and certainly does not expressly preclude an award of costs. The court believes the rule merely states that any party who opts for a stenographic transcript is responsible to pay the *court reporter,* even if that party did not notice the deposition. Taxation of costs, on the other hand, is a method of allocating costs among the *parties.* How a cost ultimately is allocated has no bearing on a party's responsibility to pay the person who provided the service giving rise to the cost. For example, many depositions are taken which may not become eligible for allocation as a cost under Rule 54(d) but this does not relieve the party of his responsibility to pay the court reporter.

It makes sense to read Rule 30(b)(4) in conjunction with 28 U.S.C. § 1920(2) which gives the court discretion to award costs for court reporter fees for all or any part of the stenographic transcript[1] *necessarily obtained for use in the case* (emphasis added). This language focuses the court's discretionary decision on the transcript's use in the case, i.e. whether it had a legitimate use independent from or in addition to the videotape which would justify its inclusion in an award of costs.

The practice lawyers generally follow in this court, which the court endorses, is that a stenographic record must be made of any videotape deposition. There are good reasons for this practice. First, videotape depositions are a superior means of presenting an absent witness's testimony because they allow the trier-of-fact to better judge the credibility of the witness and, in many cases, save time. However, videotapes can be lost or partially erased or otherwise fall victim to some technological problem. Second, district courts often are called upon to edit objectionable portions of videotaped testimony. It is much easier to do this from a transcript. Third, in many cases, a party insists that the opposing party arrange for a stenographic transcript as a condition for obtaining an order allowing a videotape deposition. A party who does this has little right to complain if he later is asked to pay the cost of a transcript he insisted be made. Fourth, it is probably more efficient for a reviewing court to consider claims of error relating to deposition testimony by reference to a transcript.

Therefore, this court believes the better practice is to allow the costs of both videotaped and stenographic depositions, absent some good reason not to do so. The court believes this is consistent with the "necessarily obtained for use in the case" language of 28 U.S.C. § 1920(2) and that the court's discretion to award such costs is not precluded by Rule 30(b)(4).

■ Counsel's travel and lodging expenses associated with the taking of depositions and

---

1. If this section is strictly construed, costs pertaining to videotape depositions should not be allowed at all. The courts appear to have overlooked this and have broadly construed the section to cover videotape depositions.

during trial are disallowed because they are not authorized by statute. *Dopp v. HTP Corp.*, 755 F.Supp. 491, 502 (D.Puerto Rico 1991), *modified on other grounds*, 947 F.2d 506 (1st Cir.1991). Similarly, plaintiff's travel and lodging expenses are not allowable. *Jamison v. Cooper*, 111 F.R.D. 350, 353 (N.D.Ga.1986).

 Finally, the court, in its discretion, will allow airfare and statutory per diem for economic expert Evenson. Even though the court disallowed a portion of Evenson's testimony (Memorandum and Order of August 11, 1992, Doc. 34), the disallowed testimony was not advanced in bad faith and Evenson did give testimony which contributed to the jury's award of $25,000 for economic loss from the date of injury to trial. *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 250 (1st Cir.1985) *cert. denied*, 474 U.S. 1021, 106 S.Ct. 571, 88 L.Ed.2d 556 and *Castro v. United States*, 104 F.R.D. 545, 550 (D.Puerto Rico 1985). 28 U.S.C. § 1821(a)(1).

In conclusion, the following shall be taxed as costs:

| | |
|---|---|
| Fees of the Clerk | $120.00 |

| Fees for Witnesses | |
|---|---|
| Dr. Roberson | 40.00 |
| Dr. Williams | 40.00 |
| Dr. Cummings | 40.00 |
| Dr. Grenn | 40.00 |
| Dr. Evenson | 40.00 |
| Dr. Evenson – airfare | 402.00 |

| Video technician expenses for Williams, Cummings, Roberson and Grenn | 726.00 |
|---|---|

| Expenses of showing depositions at trial | 284.18 |
|---|---|

| Stenographic Depositions (Court Reporter's Costs) | |
|---|---|
| Dr. Roberson | 242.40 |
| Dr. Williams | 239.60 |
| Dr. Cummings | 129.60 |
| Dr. Grenn | 226.80 |
| Exhibits and shipping | 67.60 |

All other items requested to be taxed as costs will be denied, either because they are not authorized by statute or because they are not documented.

IT IS SO ORDERED.