Joann M. WESELOH–HURTIG, Plaintiff,

v.

William C. HEPKER, Defendant.

Civ. A. No. 92–4010–DES.

United States District Court, D. Kansas.

Dec. 9, 1993.

Stanley E. Oyler, Ascough, Eschmann, Oyler, P.A., Topeka, KS, for plaintiff.

Frederick K. Starrett, Lathrop & Norquist, Overland Park, KS, for defendant.

### MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on the motion of the defendant to retax costs (Doc. 50). This comparative negligence case was tried to a jury April 5–9, 1993. The jury found the plaintiff 45 percent at fault and the defendant 55 percent at fault, resulting in a verdict in favor of the plaintiff. The jury determined that plaintiff's damages amounted to $50,000. Judgment was entered on the verdict in favor of the plaintiff and against the defendant in the amount of $27,500, representing 55 percent of the damages.

Pursuant to Fed.R.Civ.P. 54(d) and 28 U.S.C. § 1920, plaintiff filed a bill of costs in the amount of $1,718.25. The bill of costs included $1,558.25 for court reporter fees, including $630.50 for the costs of videotaping and $927.75 for the stenographic transcription of the oral depositions of three individuals who provided health care services to the plaintiff following her injuries. The clerk awarded plaintiff her claimed costs in full. The defendant timely filed his motion to retax costs.

Defendant first argues that the bill of costs should be retaxed entirely against the plaintiff, because under the circumstances of this case it is equitable for the parties to bear their own costs. He argues that the plaintiff refused a settlement offer of $30,000, more than the judgment she recovered following the week-long trial.[1] In the alternative, the defendant argues that he should not be required to pay the costs of videotaping the depositions, since the videotapes duplicated the stenographic transcripts of the same depositions. Finally, the defendant argues that the remaining costs, exclusive of the video-

---

1. The defendant notably does not cite the court to Fed.R.Civ.P. 68, which provides that if the judgment finally obtained is not more favorable that an offer of settlement made more than ten days before trial, the offeree must pay the costs incurred after the making of the offer. The defendant has not submitted to the court any evidence of making such an offer, as permitted by Rule 68 in a proceeding to determine costs. In response to the defendant's motion to retax costs, the plaintiff asserts that the settlement offer of $30,000 was made during the week just prior to trial, and the defendant has filed no reply refuting this assertion. The court assumes that the defendant is not entitled to rely upon Rule 68 because the offer of settlement was not made more than ten days before the beginning of trial.

taping expense, should be apportioned to the parties in proportion to their respective percentages of comparative fault as determined by the jury.

The taxation of costs is authorized by 28 U.S.C. § 1920, which provides in part:

A judge or clerk of any court of the United States may tax as costs the following:

.    .    .    .    .

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case....

Fed.R.Civ.P. 54(d) provides that except where otherwise expressly provided by statute or rule, "costs shall be allowed as of course to the prevailing party unless the court otherwise directs...."

■ The defendant does not dispute that the plaintiff is the prevailing party in this case. Rather, he apparently contends that the court should order the parties to pay their own costs in this case, on the reasoning that 45 percent of the fault was assessed to the plaintiff. The court declines to do so. The defendant has not persuaded the court that it should depart in this case from the general rule that the prevailing party should be allowed costs. *See Delano v. Kitch,* 663 F.2d 990, 1001 (10th Cir.1981) (when trial court refuses to award costs to prevailing party, it must state its reasons to enable appellate court to judge whether trial court acted within its discretion), *cert. denied,* 456 U.S. 946, 102 S.Ct. 2012, 72 L.Ed.2d 468 (1982).

■ Under the Kansas comparative negligence statute, the fact that the plaintiff was determined to have been less at fault than the defendant permits her to recover a proportionate amount of her damages from the defendant. *See* K.S.A. 60–258a(a). She is no less a prevailing party by virtue of the fact that her judgment was less than the full amount of her damages. Costs are generally awarded to the prevailing party even if he is not awarded his entire claim. *See Thomas v.*

*S.S. Santa Mercedes,* 572 F.2d 1331, 1335 (9th Cir.1978); *Lodges 743 and 1746, Intern. Ass'n of Machinists and Aerospace Workers, AFL–CIO v. United Aircraft Corp.,* 534 F.2d 422, 448 (2d Cir.1975), *cert. denied,* 429 U.S. 825, 97 S.Ct. 79, 50 L.Ed.2d 87 (1976); *Fahey v. Carty,* 102 F.R.D. 751, 752 (D.N.J.1983). Nor does it matter that plaintiff's judgment turned out to be less than the jurisdictional threshold for diversity actions, so long as the plaintiff has not obviously acted in bad faith in claiming more than the jurisdictional amount. *See Kinsey v. Weatherly,* 572 F.Supp. 841, 844 (N.D.Ga.1983); *see also* 28 U.S.C. § 1332(b). Consequently, the court concludes that the plaintiff, as the prevailing party, should recover her costs from the defendant pursuant to the general rule.

■ The defendant next contends that he should not be required to pay the expenses associated with videotaping the three depositions in question.[2] While videotaping expenses are not specifically authorized by 28 U.S.C. § 1920(2), several courts have held that the expenses associated with videotaping a deposition are recoverable as costs. *Meredith v. Schreiner Transport, Inc.,* 814 F.Supp. 1004, 1006 (D.Kan.1993) (citing *Commercial Credit Equipment Corp. v. Stamps,* 920 F.2d 1361, 1368 (7th Cir.1990), and cases cited therein at n. 8); *see also Deaton v. Dreis and Krump Mfg. Co.,* 134 F.R.D. 219, 221–22 (N.D.Ohio 1991) (citing cases) (awarding full costs for the videotaping of deposition of physician who gave critical testimony concerning the nature and extent of plaintiff's injury). *But see Hilligoss v. Hovious,* 1993 WL 8707, at *2 (S.D.Ind. January 12, 1993) (a court has discretion under Rule 54(d) to tax as costs only those items enumerated in § 1920) (citing *Northbrook Excess and Surplus v. Proctor & Gamble Co.,* 924 F.2d 633, 643 (7th Cir.1991)); *cf. Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441–42, 107 S.Ct. 2494, 2497, 96 L.Ed.2d 385 (1987) (§ 1920 enumerates costs that may be taxed by a federal court under Rule 54(d), which does not grant discretion to award expert witness costs beyond the limits of the items

---

**2.** The defendant does not specifically ask the court to retax the costs associated with the steno-

graphic transcripts.

listed in § 1920 and the specific per diem limits on witness fees imposed by 28 U.S.C. § 1821). However, the courts that have taxed videotaping costs of depositions have not necessarily allowed the costs of transcribing the depositions. *See, e.g., Commercial Credit,* 920 F.2d at 1369.

In this case, discovery was governed by deposition guidelines issued by Magistrate Judge Newman. Those guidelines include a separate section addressing videotaped depositions, which expressly entitles a party to videotape a deposition by so indicating in its notice of deposition. The guidelines allow the opposing party seven days from receipt of the notice to file and serve an objection. The record in this case does not include any objection lodged by the defendant to the plaintiff's deposition notices.[3]

Judge Newman's guidelines further require that a videotaped deposition shall be simultaneously recorded stenographically by a qualified court reporter, and the written transcript by the court reporter constitutes the official record of the deposition for purposes of Fed.R.Civ.P. 30(e) and (f). The guidelines specifically provide that the noticing party is to bear the expense of both the videotaping and the stenographic recording, subject to a request for taxation of such costs made at the conclusion of the litigation in accordance with applicable law.

■ In this case, all three of the videotaped depositions in dispute were admitted into evidence at trial, but they did not go to the jury for use during deliberations. All three of them, however, were played for the jury in lieu of live testimony. Under the guidelines issued by Judge Newman, all three stenographic transcripts were necessary in order to record the depositions on videotape. Videotape depositions are considered a superior means of presenting the testimony of an absent witness, because they allow the jury to better assess the credibility of the witness. *See Meredith v. Schreiner Transport, Inc.,* 814 F.Supp. at 1006. The deposed witnesses were health care provid-

ers, whose testimony was reasonably necessary in support of plaintiff's claim for damages, which included substantial medical expenses. *See Ortega v. City of Kansas City, Kansas,* 659 F.Supp. 1201, 1219 (D.Kan.1987) (court has great discretion to tax deposition costs upon finding that the deposition was necessarily obtained for use in case), *rev'd on other grounds,* 875 F.2d 1497 (10th Cir.), *cert. denied,* 493 U.S. 934, 110 S.Ct. 325, 107 L.Ed.2d 315 (1989).

The court therefore finds that it is appropriate in this case to tax the costs of both the videotaping and the stenographic transcription of the three depositions against the defendant, who did not file objections to plaintiff's deposition notices. *See Meredith v. Schreiner Transport,* 814 F.Supp. at 1006 (where the general practice of attorneys, endorsed by the court, is that a stenographic record must be made of any videotape deposition, the better practice is to generally allow the costs of both videotaped and stenographic depositions).

■ Finally, the defendant contends that the costs taxed, excluding the videotaping expense, should be apportioned between the parties in proportion to their respective percentages of fault as determined by the jury. The defendant has cited no authority in support of this novel argument. The court recognizes that it has the discretion to apportion costs between the parties, especially when neither party completely prevails at trial. *See, e.g., Cornwell Quality Tools Co. v. C.T.S. Co.,* 446 F.2d 825, 833 (9th Cir.1971), *cert. denied,* 404 U.S. 1049, 92 S.Ct. 715, 30 L.Ed.2d 740 (1972); *see also Lodges 743 and 1746,* 534 F.2d at 448. In this case, however, decided against the defendant on the basis of Kansas comparative negligence law, the plaintiff prevailed on her negligence claim even though the amount of her judgment was reduced in proportion to the percentage of fault she was assessed by the jury. *See* K.S.A. 60–258a(a); *see also Fahey v. Carty,* 102 F.R.D. at 752 (plaintiff was prevailing party and could recover costs even though he

---

**3.** The court notes that the version of Fed.R.Civ.P. 30(b)(4) in effect prior to December 1, 1993, permits videotaped depositions only upon order of the court or by stipulation of the parties. The

court therefore interprets the defendant's failure to file an objection to plaintiff's deposition notices to amount to a stipulation to the videotape recording of the depositions in question.

recovered less than damages alleged for auto accident; jury verdict fixed liability at 80/20 against the defendant).

■ Under *Ortega,* 659 F.Supp. at 1218, the court must allow the prevailing party to recover all authorized costs unless some reason appears for penalizing her. *See Meredith v. Schreiner Transport,* 814 F.Supp. at 1005; *see also Delta Air Lines, Inc. v. August,* 450 U.S. 346, 352, 101 S.Ct. 1146, 1150, 67 L.Ed.2d 287 (1981) (prevailing plaintiffs presumptively obtain costs under Rule 54(b); costs are usually assessed against the losing party as a normal incident of defeat). The court is not persuaded that any such reason exists here, or that it should apportion the costs as suggested by the defendant.

**IT IS BY THE COURT THEREFORE ORDERED** that the defendant's motion to retax costs (Doc. 50) is hereby denied.