**Judy K. DAVIS, Plaintiff,**

v.

**PURITAN–BENNETT CORPORATION, Defendant.**

**Civil Action No. 95–2365–KHV.**

United States District Court,
D. Kansas.

April 15, 1996.

M. Ellis Rainey, II, Rainey, Byrum & Rainey, Overland Park, KS, for plaintiff.

Brock A. Shealy, Julianne Popper, Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, MO, Gary R. Siniscalco, Orrick, Herrington & Sutcliffe, San Francisco, CA, Timothy J. Long, Jordan Burch, Orrick, Herrington & Sutcliffe, Sacramento, CA, for defendant.

*MEMORANDUM AND ORDER*

VRATIL, District Judge.

This matter is before the Court on *Plaintiff's Opposition To Defendant's Bill Of Costs And Motion To Strike Costs* (Doc. # 36) filed February 14, 1996. Plaintiff seeks to strike from defendant's bill of costs the $895.40

expense of a deposition videographer and the $40.00 pro hac vice motion filing fee.

FACTS

On August 18, 1965, plaintiff filed a sexual discrimination complaint against defendant Puritan–Bennett Corporation. After plaintiff's original counsel withdrew from the case, plaintiff claimed that she had difficulty finding new counsel and meeting the dates of the Scheduling Order. On December 18, 1995, at plaintiff's request based on the advice of counsel, this Court dismissed the complaint without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. On February 1, 1996, defendant submitted a Bill of Costs. On February 14, plaintiff filed a motion opposing certain costs.

STANDARD OF REVIEW

■ The district court's award or denial of particular costs is reviewed under an abuse of discretion standard. *Furr v. AT & T Technologies, Inc.,* 824 F.2d 1537, 1550 (10th Cir.1987); *Ramos v. Lamm,* 713 F.2d 546, 560 (10th Cir.1983).

ANALYSIS

Plaintiff objects to the $895.40 cost for videotaping the deposition of the plaintiff as unreasonable, excessive and unnecessary. The applicable statute 28 U.S.C. § 1920 provides:

> A judge or clerk of any court of the United States may tax as costs ... (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case ...

Although 28 U.S.C. § 1920(2) does not specifically authorize videotaping expenses, this Court has held that deposition videotaping expenses are recoverable as costs. *Griffith v. Mt. Carmel Medical Center,* 157 F.R.D. 499, 502 (D.Kan.1994); *Weseloh–Hurtig v. Hepker,* 152 F.R.D. 198 (D.Kan.1993); *Meredith v. Schreiner Transport, Inc.,* 814 F.Supp. 1004, 1006 (D.Kan.1993). Videotape depositions are a superior means of presenting the testimony because the jury can better assess credibility. *Hepker,* 152 F.R.D. at 201; *Meredith,* 814 F.Supp. at 1006.

■ Plaintiff argues that videotape costs are only taxable when the videotape is both necessary and actually used in evidence at trial and that this videotape was not necessary because a stenographic transcript was taken, plaintiff was available for testimony at trial, and the case was dismissed before trial.

A stenographic recording of the deposition does not cause the videotape to be deemed unnecessary. As part of the terms and conditions for videotaping depositions, section 9 of this Court's deposition guidelines provides:

> (a) Stenographic recording. The videotaped deposition shall be simultaneously recorded stenographically by a qualified court reporter.

Because transcripts can help the Court edit videotapes and because videotapes can be ruined by technological problems, a stenographic record must be made of any videotape deposition as a matter of good practice. *Meredith,* 814 F.Supp. at 1006. Therefore, defendant's stenographic recording of the videotaped depositions constituted good practice and specific compliance with this Court's guidelines. Taxing the cost of both the videotaping and the stenographic transcript is appropriate. *Weseloh–Hurtig v. Hepker,* 152 F.R.D. at 201; *Meredith v. Schreiner Transport, Inc.,* 814 F.Supp. at 1006.

■ This Court disagrees with plaintiff's argument that her availability at trial renders the deposition unnecessary. Although useful to preserve the record in case of absentee witnesses, depositions are equally necessary to provide evidence for impeachment of the testifying witness. Depositions introduced into evidence or used at trial for impeachment purposes are considered reasonably necessary and taxable as costs. *Furr v. AT & T Technologies, Inc.,* 824 F.2d at 1550.

■ Plaintiff's argument regarding actual use at trial also falls short. If the facts known when the deposition was taken made it appear reasonably necessary to videotape the deposition, then the actual use of the videotaped deposition at trial is not a requirement. *Griffith* 157 F.R.D. at 502. Defendant took a reasonably necessary videotape deposition of the plaintiff and should not be penalized by the fact that plaintiff chose to withdraw the complaint before the commencement of trial.

Plaintiff next argues that the deposition guidelines given by this Court stipulate that the noticing party shall bear the cost of the videotaped deposition. However, plaintiff fails to note that the deposition guidelines also allow subsequent taxation of these cost. Regarding videotaping deposition costs, section 9 of the deposition guidelines provides:

> (b) Cost. The noticing party shall bear the expense of both the videotaping and the stenographic recording ... Requests for taxation of these costs and expenses may be made at the conclusion of the litigation in accordance with applicable law.

As the noticing party, defendant did bear the expense and now seeks taxation of these costs.

▮ Plaintiff argues that videotape costs should not be allowed because defendant violated the deposition guidelines and made the videotape inadmissible at trial. However, the alleged violations, such as defendant's attorney "directing" the camera and appearing on the tape, do not necessarily make the videotape inadmissible. "[D]istrict courts often are called upon to edit objectionable portions of videotaped testimony." *Meredith*, 814 F.Supp. at 1006. Thus, the Court can excise objectionable segments rather than find the entire tape inadmissible.

Therefore, this Court finds that defendant's videotaping of the depositions of the plaintiff was reasonably necessary and that taxing the costs of videotaping to the plaintiff is appropriate in this case.

▮ Plaintiff also objects to taxation of the $40.00 clerk's fees for the defendant's pro hac vice motions. She argues that the pro hac vice motion local filing fee should not attach to this case because a single filing fee is valid for all cases within the same calendar year in which the attorney enters an appearance pro hac vice. Plaintiff ignores the fact that these motions were specifically and necessarily filed in response to her suit. Plaintiff selected the forum and compelled defendant to defend itself in this district. The Court finds that the fee is appropriate under § 1920(1).

IT IS THEREFORE ORDERED that *Plaintiff's Opposition To Defendant's Bill Of Costs And Motion To Strike Costs* (Doc. # 36), filed February 14, 1996, should be and hereby is overruled.