**EAGLE INSURANCE COMPANY,**
**Plaintiff,**

v.

**Deloris Carter JOHNSON, Defendant.**

**No. CIV. A. 97–T–579–N.**

United States District Court,
M.D. Alabama,
Northern District.

Oct. 30, 1997.

Prescott L. Nottingham, Terry R. Howell, Steven R. Daniels, Lord, Bissell & Brook, Atlanta, GA, for Plaintiff.

Julian L. McPhillips, Jr., Kenneth Jay Shinbaum, McPhillips, Shinbaum, Gill & Stoner, Montgomery, AL, for Defendant.

## ORDER

MYRON H. THOMPSON, Chief Judge.

On September 16, 1997, the court entered summary judgment in favor of plaintiff Eagle Insurance Co. and against defendant Deloris Carter Johnson. This cause is now before the court this time on Johnson's motion to re-tax costs. Eagle Insurance seeks court costs in the amount of $11,597.04. A hearing was held on the motion on October 22, 1997.

## I. BACKGROUND

Eagle Insurance issued an insurance policy on a vehicle involved in a car accident with Johnson on May 5, 1995. Johnson brought a state-court lawsuit, which Eagle Insurance defended against the driver and the owner in state court. Johnson received a 3.5 million dollar judgment in her lawsuit. Johnson claimed that the limits of liability stated in the policy should be extended based on federal and State laws governing 'motor carriers' to cover the entire judgment.

Eagle Insurance responded with this federal lawsuit seeking a declaratory judgment of limited liability against Johnson. In a memorandum opinion and judgment entered on September 16, 1997, this court found that Eagle Insurance was entitled to summary judgment limiting its liability to Johnson to $20,000.00. Johnson now objects in part to Eagle Insurance's request for costs in the amount of $11,597.04.

## II. DISCUSSION

■ The 'prevailing party' in an action brought in federal court is presumptively entitled to the cost of that action. Fed. R.Civ.P. 54(d). Admittedly, this case was disposed of on summary judgment. However, the fact that a court disposes of the case at the summary judgment stage is no impediment to an award of costs, provided that they were otherwise reasonably necessary for use in the case.. *Hudson v. Nabisco Brands, Inc.*, 758 F.2d 1237, 1243 (7th Cir.1985). The court, therefore, will now consider each cost item sought by Eagle Insurance.

■ *Fees of the Clerk:* Eagle Insurance seeks $200 for fees of the clerk. Johnson objects to $50.00, which one of Eagle Insurance's attorneys incurred as cost for admission to practice in this court pro hac vice. The attorney paid $20.00 for his actual admission pro hac vice, and he paid $30.00 for obtaining a certificate of good standing, which the clerk of the court required in support of the pro-hac-vice petition. Eagle Insurance refers to *Davis v. Puritan–Bennett Corp.*, 923 F.Supp. 179 (D.Kan.1996) for the proposition that the $50.00 fee for admission pro hac vice is taxable as cost. There, the court wrote that,

"Plaintiff also objects to taxation of the $40.00 clerk's fees for the defendant's pro hac vice motions. She argues that the pro hac vice motion local filing fee should not attach to this case because a single filing fee is valid for all cases within the same calendar year in which the attorney enters an appearance pro hac vice. Plaintiff ignores the fact that these motions were specifically and necessarily filed in response to her suit. Plaintiff selected the forum and compelled defendant to defend itself in this district. The court finds that

the fee is appropriate under [28 U.S.C.A.] § 1920(1)."

923 F.Supp. at 181. This court cannot agree with this reasoning. The *Davis* court, essentially and improperly, treats 'costs' as synonymous with 'expense.'

■ Rule 54(d)(1) of the Federal Rules of Civil Procedure provides in part that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." In *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–45, 107 S.Ct. 2494, 2497–99, 96 L.Ed.2d 385 (1987), the United States Supreme Court held that Rule 54(d)(1) gives district courts the discretion to 'decline' to tax allowable costs, but not the discretion to tax costs in the absence of statutory authorization. The 'costs' authorized by Rule 54(d)(1) is a term of art not synonymous with expense. 10 James Wm. Moore et al., Moore's Federal Practice § 54.103, at 54–174.

■ In other words, expense includes all the expenditures actually made by a litigant in connection with the lawsuit. 10 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2666, at 173. Whereas the costs that the district court may award under Rule 54(d)(1) are listed in 28 U.S.C.A. § 1920, and a district court may not award other costs or exceed the amounts provided in § 1920 without explicit authorization in another statutory provision. 10 Moore's Federal Practice § 54.103[3][a], at 54–176. The costs, therefore, associated with litigation, almost always will amount to less than the successful litigant's total expenses in connection with the lawsuit. 10 Wright & Miller, Federal Practice and Procedure § 2666, at 173. However, "[a]lthough § 1920 is an exhaustive list of the costs that may be routinely awarded under Rule 54(d)(1), the item sought need not be expressly mentioned in that statute, for *Crawford Fitting* does not preclude the courts from construing the provisions of § 1920." 10 Moore's Federal Practice, § 54.103[3][a], at 54–176–77.

Here, subsection (1) of § 1920, the subsection relied upon by Eagle Insurance, provides for the taxation of the "Fees of the clerk" as costs. 28 U.S.C.A. § 1914 lists, in turn, the fees the clerk of the court may charge. Section 1914 provides:

"(a) The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $150, except that on application for a writ of habeas corpus the filing fee shall be $5.

(b) The clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States.

(c) Each district court by rule or standing order may require advance payment of fees."

Together, § 1920(1) and § 1914 authorize the clerk of the court to collect and tax two types of fees in civil actions other than those for habeas corpus: (1) a $150 filing fee; and (2)

any additional fees prescribed by the Judicial Conference of the United States. The pro-hac-vice fee Eagle Insurance seeks is, of course, not the same as the $150 filing fee authorized by § 1914. The question, therefore, for the court is whether the pro-hac-vice fee is one authorized by the Judicial Conference of the United States.

■ 'Pro hac vice' means "[f]or this turn," that is, "for this one particular occasion." Black's Law Dictionary, at 1091 (1979). An admission pro hac vice, therefore, means that a lawyer has been "admitted to practice in a jurisdiction for a particular case only." *Id.* The only admission fee relating to attorneys authorized by the Judicial Conference of the United States is one for $50, for full and permanent, not just temporary, admission to the bar of the court.[1] Because the pro-hac-

---

1. The schedule of fees authorized by the Judicial Conference of the United States provides in part: "Following are fees to be charged for services to be performed by clerks of the district courts. No fees are to be charged for services rendered on behalf of the United States, with the exception of those specifically prescribed in items 2, 4, and 14. No fees under this schedule shall be charged to federal agencies or programs which are funded from judiciary appropriations, including, but not limited to, agencies, organizations, and individuals providing services authorized by the Criminal Justice Act, 18 U.S.C. § 3006A, and Bankruptcy Administrator programs.
(1) For filing or indexing any paper not in a case or proceeding for which a case filing fee has been paid, $20. This fee is applicable to the filing of a petition to perpetuate testimony, Rule 27(a), Federal Rules of Civil Procedure, the filing of papers by trustees under 28 U.S.C. § 754, the filing of letters rogatory or letters of request, and registering of a judgment from another district pursuant to 28 U.S.C. § 1963.
(2) For every search of the records of the district court conducted by the clerk of the district court or a deputy clerk, $15 per name or item searched. This fee shall apply to services rendered on behalf of the United States if the information requested is available through electronic access. (The Judicial Conference has adopted guidelines to assist courts in the application of this fee. The Guidelines are attached to this Fee Schedule as Appendix I.)
(3) For certification or exemplification of any document or paper, whether the certification is made directly on the document or by separate instrument, $5.
(4) For reproducing any record or paper, 50 cents per page. This fee shall apply to paper copies made from either: (1) original documents; or (2) microfiche or microfilm reproductions of the original records. This fee shall

apply to services rendered on behalf of the United States if the record or paper requested is available through electronic access.
(5) For reproduction of magnetic tape recordings, either cassette or reel-to-reel, $15 including the cost of materials.
(6) For transcribing a record of any proceeding by a regularly employed member of the court staff who is not entitled by statute to retain the transcript fees for his or her own account, a charge shall be made at the same rate and conditions established by the Judicial Conference for transcripts prepared and sold to parties by official court reporters.
(7) For each microfiche sheet of film or microfilm jacket copy of any court record, where available, $3.
(8) For retrieval of a record from a Federal Records Center, National Archives, or other storage location removed from the place of business of the court, $25.
(9) For a check paid into the court which is returned for lack of funds, $25.
(10) For an appeal to a district judge from a judgment of conviction by a magistrate in a misdemeanor case, $25.
*(11) For admission of attorneys to practice, $50 each, including a certificate of admission. For a duplicate certificate of admission or certificate of good standing, $15.*
(12) The court may charge and collect fees, commensurate with the cost of printing, for copies of the local rules of court. The court may also distribute copies of the local rules without charge.
(13) The clerk shall assess a charge for the handling of registry funds deposited with the court, to be assessed from interest earnings and in accordance with the detailed fee schedule issued by the Director of the Administrative Office of the United States Courts.
(14) For usage of electronic access to court data, 60 cents per minute of usage [provided

vice fee required by this court does not meet the requirements of § 1914, it is not taxable as costs.[2]

*Fees for Court Reporter:* Eagle Insurance seeks $494.00 for these costs. Because Johnson does not object to these costs, they will be allowed.

*Fees for Witnesses:* Eagle Insurance seeks to recover $9,490.20 for one of its expert witnesses, William S. Gibson. Johnson contends that expert witness fees are not allowable. The court agrees. As stated a decade ago by the United States Supreme Court in *Crawford Fitting Co.,* as reaffirmed a year ago by the Eleventh Circuit Court of Appeals in *Morrison v. Reichhold Chemicals, Inc.,* 97 F.3d 460 (1996) (per curiam), a federal court may tax witness fees in excess of the $40-a-day limit set out in 28 U.S.C.A. § 1821(b) only when the witness is court appointed. Eagle Insurance may therefore recover only $40.00 of the $9,490.20 sought.

*Fees for Exemplification:* Eagle Insurance seeks to recover $153.00 for copying, that is, for 614 pages at 25¢ a page. Section 1920(4) provides for the taxation of costs for "Fees for exemplification and copies of papers necessarily obtained for use in the case." The court finds that the copying for which Eagle Insurance seeks cost was necessarily obtained for use in this case. However, at the hearing held on October 22, 1997, Eagle Insurance admitted that it should have charged only 10¢ a page, that is, $61.40. The court will therefore allow only $61.40.

*Docket Fees:* Eagle Insurance seeks $20.00 for docket fees. Because Johnson does not object to this item, it will be allowed.

*Other Costs:* Eagle Insurance seeks to recover $1,239.34 for the expenses of its attorneys in attending a deposition of a witness out of state. Sections 1920 and 1821(c)(i) provide for the recovery of expenses of witnesses, not attorneys. Eagle Insurance may therefore not recover this amount.

## III. CONCLUSION

Eagle Insurance may, therefore, recover costs for the following:

| | |
|---|---|
| Fees of Court | $ 150.00 |
| Fees of Court Reporter | 494.00 |
| Fees for Witnesses | 40.00 |
| Fees for Exemplification | 61.40 |
| Docket Fees | 20.00 |
| Other Costs | 0 |
| Total | $ 765.40 |

Accordingly, it is ORDERED as follows:

(1) Defendant Deloris Carter Johnson's motion to re-tax costs, filed on October 9, 1997, is granted in part and denied in part.

(2) Costs in the amount of $765.40 are taxed as costs against defendant Johnson.

the court may, for good cause, exempt persons or classes of persons from the fees, in order to avoid unreasonable burdens and to promote public access to such information]. All such fees collected shall be deposited to the Judiciary Automation Fund. This fee shall apply to the United States. (The Judicial Conference has approved an advisory note clarifying the judiciary's policy with respect to exemptions from this fee. The advisory note is attached to this Fee Schedule as Appendix II.)

(15) For filing an action brought under Title III of the Cuban Liberty and Democratic Solidarity (LIBERTAD) Act of 1996, P.L. 104–114, 110 Stat. 785 (1996), $4180. (This fee is in addition to the filing fee prescribed in 28 U.S.C. 1914(a) for instituting any civil action other than a writ of habeas corpus)." (Emphasis added.)

2. Pro-hac-vice fees are a creature of the courts. They do not appear to be authorized by any statute.