**Annette Marie BLEVINS and Frances Elizabeth Amerspek, Plaintiffs,**

v.

**HEILIG–MEYERS CORPORATION and Monte Holcomb, Defendants.**

**No. Civ.A. 98–T–241–S.**

United States District Court, M.D. Alabama, Southern Division.

March 16, 1999.

Jerry R. Herring, Arthur R. Medley, Dothan, AL, for plaintiffs.

Gary S. Marshall, Jonathan P. Harmon, Carol Rick Gibbons, McGuire, Woods, Battle & Boothe, Richmond, VA, Stephen E. Brown, Jeffrey A. Lee, Maynard, Cooper & Gale, P.C., Birmingham, AL, for Heilig–Meyers Corporation.

Wade Hampton Baxley, Ramsey, Baxley, McDougle & Collier, Dothan, AL, for Monte Holcombe.

## ORDER

MYRON H. THOMPSON, District Judge.

This lawsuit is now before the court on the objections to the bills of costs and motion to stay execution pending appeal, filed by plaintiffs Annette Marie Blevins and Frances Elizabeth Amerspek on January 28, 1999. Defendant Heilig–Meyers Corporation seeks to tax $2,397.90 against the plaintiffs jointly. Defendant Monte Holcomb seeks to tax $811.50 against the plaintiffs jointly. For reasons to follow, the court will reduce the costs and deny the motion for a stay.

## I. OBJECTIONS TO BILLS OF COSTS

The plaintiffs lodge a number of objections to the defendants' bills of costs. First, they challenge the necessity of most of the taxed deposition costs. Second, they challenge the taxation of certain copying costs. Finally, the plaintiffs contend that the court should exercise its discretion not to tax costs because of their financial condition. The court will address each of the objections in turn.

### A. DEPOSITIONS

The plaintiffs lodge four objections to the deposition costs. First, the plaintiffs argue that the court should disallow as unnecessary all costs of the depositions of Tony Blevins and Eric Amerspek. Second, the plaintiffs argue that the costs of copies of depositions which were noticed by Heilig–Meyers should be eliminated from its bill of costs. Third, as to Holcomb's bill of costs, the plaintiffs argue that the court should disallow all costs of deposition transcripts because Holcomb merely adopted Heilig–Meyers's briefs and work product. Fourth, the plaintiffs argue that Heilig–Meyers's bill of costs should be reduced by the amount of an available discount for prompt payment.

Federal Rule of Civil Procedure 54(d) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." The Supreme Court has interpreted Rule 54(d) to grant federal courts discretion to refuse to tax costs in favor of the prevailing party. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442, 107 S.Ct. 2494, 2497, 96 L.Ed.2d 385 (1987).

Under 28 U.S.C.A. § 1920(2), taxable costs may include fees of the court reporter for "all or any part of the stenographic transcript necessarily obtained for use in the case." Depositions are included in the phrase "stenographic transcript." *United States v. Kolesar*, 313 F.2d 835, 837–38 (5th Cir.1963).[1] Costs incurred in obtaining copies of deposition transcripts are also recoverable. *See Id.* at 837–39.

In determining whether the cost of a particular deposition is taxable, "the district court must evaluate the facts of each case and determine whether all or any part of a copy of any or all of the depositions was necessarily obtained for use in the case." *Newman v. A.E. Staley Mfg. Co.*, 648 F.2d 330, 337 (5th Cir. June 1981) (quoting *Kolesar*, 313 F.2d at 840). "[W]here the deposition costs were merely incurred for convenience, to aid in a more thorough preparation of the case, or for purpose of investigation only, the costs are not recoverable." *DiCecco v. Dillard House, Inc.*, 149 F.R.D. 239, 241 (N.D.Ga.1993). "[A] district judge has great latitude in determining whether a deposition was 'necessarily obtained for use in the case' or was obtained merely for the convenience of the attorneys." *Newman*, 648 F.2d at 337.

This case was disposed of prior to trial, on the basis of the defendants' motions for summary judgment. However, this fact is not fatal to the defendants' claim for costs. Specifically, "the fact that a court disposes of the case at the summary[-]judgment stage is no impediment to an award of costs, provided that they were otherwise reasonably necessary for use in the case." *Hudson v. Nabisco Brands, Inc.*, 758 F.2d 1237, 1243 (7th Cir.1985), *overruled on other grounds, Provident Bank v. Manor Steel Corp.*, 882 F.2d 258 (7th Cir.1989); *see also Eagle Insurance Co.*, 982 F.Supp. 1456, 1458 (M.D.Ala.1997), *aff'd*, 162 F.3d 98 (11th Cir.1998) (table). Moreover, "the determination of necessity must be made in light of the facts known at the time of the deposition, without regard to any intervening developments that later rendered the depositions unneeded for further use." *Hudson*, 758 F.2d at 1243.

#### 1. Depositions of Tony Blevins and Eric Amerspek

The plaintiffs contend that neither Tony Blevins's nor Eric Amerspek's deposition was necessarily obtained for use in the case. As support for their argument, the plaintiffs note that: the depositions of Tony

---

**1.** In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Blevins and Eric Amerspek were much shorter than those of the plaintiffs; the defendants ordered only copies of the depositions, instead of originals with diskettes; the defendants did not cite the depositions in their motions for summary judgment; and the defendants did not order the transcripts of the depositions until after filing their summary-judgment motions.

The plaintiffs' arguments evince a misunderstanding of the proper analysis. The plaintiffs ask the court to view the defendants' expenditures in light of how the defendants ultimately used the depositions. However, as mentioned earlier, the court must determine whether the depositions appeared reasonably necessary at the time they were taken. Thus, factors such as how long the depositions lasted and how the defendants ultimately used the depositions are not dispositive of the issue.

The court finds that the depositions were 'necessarily obtained for use in the action' when taken. Annette Blevins alleged that Holcomb retaliated against her because Tony Blevins, her husband, called to complain about Holcomb's treatment of her. Thus, Tony Blevins was a potentially important witness in the case. Also, the plaintiffs named Tony Blevins and Eric Amerspek as expected witnesses in their initial disclosures.[2] Furthermore, although Tony Blevins's and Eric Amerspek's depositions were relatively short, their testimony was relevant only to discreet issues. The relative brevity of the depositions was a function of this limited relevancy, not an indication that the depositions were unnecessary. For these reasons, the court rejects the plaintiffs' objections to taxation of the costs of the depositions.

### 2. Depositions Taken by Defendants

█ The plaintiffs argue that copies of depositions taken by the prevailing party are not taxable as costs and that, accordingly, Heilig–Meyers should not be able to tax the costs of copies of depositions of Annette Blevins, Tony Blevins, Frances Amerspek, and Eric Amerspek. As discussed above, the court finds that the depositions of Tony Blevins and Eric Amerspek were necessarily obtained. The court also finds that the depositions of Annette Blevins and Frances Amerspek were necessarily obtained, since, as the plaintiffs, their testimony was critical. In this district, depositions are not filed when they are taken, but only when used in connection with a motion, pleading, or other matter before the court. The defendants' only access to these depositions was, therefore, to obtain the original or a copy of the depositions from the court reporter. *Cf. George R. Hall, Inc. v. Superior Trucking Co.*, 532 F.Supp. 985, 995 (N.D.Ga.1982) ("access to a copy of a deposition filed in a clerk's office, formerly theoretical at best, is now ... entirely fictional"). Therefore, the defendants may recover the costs of the deposition transcripts.

[8] The invoices submitted by Heilig–Meyers reflect that counsel for Heilig–Meyers obtained the original and a copy of the depositions of Annette Blevins and Frances Amerspek.[3] The court will not penalize the defendants for receiving a copy in addition to the original transcripts. As this court noted eight years ago in *Braswell v. Conagra, Inc.*, No. 88–T–741–S, 1990 WL 605643, order at 4 (M.D.Ala. Jan. 14, 1991) (Thompson, J.), "[i]t is the standard practice of court reporters in this district to give the party taking a deposition both an original and a copy of that deposition; there is no reduction in cost for taking only the original." *Id.* This practice persists today. Indeed, counsel for Heilig–Meyers has informed the court that it is the practice of the reporting service used in this

---

**2.** *See* Plaintiffs' Witness List, attached to Defendant Heilig–Meyers Corporation's Response to Plaintiffs' Objection to Bill of Costs and Motion to Stay Execution, filed February 12, 1999.

**3.** In contrast, the invoices reflect that Heilig–Meyers paid for only a copy of the depositions of Tony Blevins and Eric Amerspek. As explained to the court by counsel for Heilig–Meyers, while the first party to order the transcript of a given deposition obtains the original, all others who order transcripts obtain copies. Counsel for Heilig–Meyers did not purchase the depositions of Tony Blevins and Eric Amerspek until after the plaintiffs had ordered the originals, and accordingly obtained only copies.

case.[4] Accordingly, the court approves the taxation of costs for the originals and copies of depositions taken by Heilig–Meyers.

### 3. Holcomb's Expenses

■ The plaintiffs claim that all of Holcomb's costs are unnecessary because Holcomb's counsel adopted the work product of counsel for Heilig–Meyers at every stage of the litigation. Holcomb's counsel, Wade Baxley, attended the depositions of Annette Blevins and reviewed the deposition transcripts to inform his client of the allegations against him and to prepare him for his deposition.[5] While he admits that he did not utilize the depositions in preparation of the summary-judgment motion, he states that he intended to utilize the depositions in preparation for trial had summary judgment not been granted.[6] The court finds that the costs taxed by Holcomb were necessarily obtained.

### 4. Available Discount

■ The plaintiffs note that a discount was available to Heilig–Meyers for copies of deposition transcripts of Patrick Patterson and Monte Holcomb if the invoices for these transcripts were paid within 30 days from the billing date.[7] Heilig–Meyers seeks to tax the cost of these depositions at the non-discounted rates. The plaintiffs contend that they should not be penalized for Heilig–Meyers's counsel's failure to take advantage of this discount. The court agrees and will disallow $109.20—$64.50 for the copy of the transcript of Holcomb's deposition and $44.70 for Patrick Patterson's deposition—from Heilig–Meyers's bill of costs.

### B. PHOTOCOPIES

■ The plaintiffs also object to Holcomb's taxation of the costs of photocopies of the summary-judgment brief submitted by Heilig–Meyers and adopted by Holcomb. Fees for copies of papers may be recovered

when the papers were "necessarily obtained for use in the case." 28 U.S.C.A. § 1920(4). "Copies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the Court's consideration are recoverable." *Desisto College v. Town of Howey–in–the–Hills*, 718 F.Supp. 906, 913 (M.D.Fla.1989), *aff'd*, 914 F.2d 267 (11th Cir.1990) (table). However, "[e]xtra copies of filed papers ... are considered obtained only for the convenience of counsel" and are thus not recoverable. *Id.* See also *Fressell v. AT & T Technologies, Inc.*, 103 F.R.D. 111, 115–18 (N.D.Ga.1984).

■ Heilig–Meyers taxed the plaintiffs for the copies of its summary-judgment brief and attending exhibits which it sent to counsel for the plaintiffs and to the court. While Holcomb may tax the costs of necessary copies for his own motion for summary judgment, there was no need to make and send out extra copies of Heilig–Meyers's brief along with his own.

The court will allow copying costs for three copies of Holcomb's summary-judgment brief, which was two pages in length, at the requested rate of $.15 per page—a total of $.90. Holcomb seeks to tax the plaintiffs $12.30 for photocopies. Accordingly, the court will reduce Holcomb's bill of costs by $11.40.

### C. INDIGENCE

■ The plaintiffs contend that they cannot afford to pay costs and ask the court to deny costs on that basis. While the Eleventh Circuit Court of Appeals has not directly addressed the issue of whether costs may be denied on the basis of a losing party's financial condition, numerous other courts have answered this question in the affirmative. See, e.g., *Smith v. Southeastern Pa. Transp. Auth.*, 47 F.3d 97, 100 (3d Cir.1995) (citing cases that "recognize that a district court

---

**4.** *See* Defendant's Response in Support of Its Bill of Costs, filed March 16, 1999.

**5.** Affidavit of Wade H. Baxley, filed March 8, 1999.

**6.** *Id.*

**7.** *See* Exhibit A (invoices for copies of deposition transcripts of Monte Holcomb and Patrick Patterson) to Heilig–Meyers Corporation's Affidavit in Support of Bill of Costs, attached to Plaintiffs' Brief.

may consider a losing party's indigency in applying Rule 54(d)"); *In re Ruben,* 825 F.2d 977, 987 (6th Cir.1987) ("district judges are encouraged to consider the question of indigency fully for the record" in assessing costs), *cert. denied,* 485 U.S. 934, 108 S.Ct. 1108 (1988); *Burroughs v. Hills,* 741 F.2d 1525, 1542 (7th Cir.1984) ("a losing party may overcome [Rule 54(d)'s] presumption by a showing of indigency"), *cert. denied,* 471 U.S. 1099, 105 S.Ct. 2321, 85 L.Ed.2d 840 (1985); *Poe v. John Deere Co.,* 695 F.2d 1103, 1108 (8th Cir.1982) ("It is of course within a court's discretion to deny costs because a plaintiff is poor or for other good reason"); *cf. Harris v. Forsyth,* 742 F.2d 1277, 1278 (11th Cir.1984) (costs against an indigent on appeal is within court's discretion).

▮ The court also has discretion to apportion the costs among the parties. *See Georgia Ass'n of Retarded Citizens v. McDaniel,* 855 F.2d 794, 799 (11th Cir.1988) ("If equitable considerations militate[] against an award of costs vis-a-vis either losing party, they [are] due to be addressed through the district court's discretionary power to deny or apportion costs"); *Schauffler v. United Ass'n of Journeymen and Apprentices of Plumbing and Pipe Fitting of the United States and Canada, Local 420, AFL,* 148 F.Supp. 704 (E.D.Pa.1956) (apportioning costs amongst non-prevailing parties in accordance with liability for fines), *aff'd on other grounds,* 246 F.2d 867 (3d Cir.1957); *see also* 10 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 2668 (1998) (discussing discretionary character of Federal Rule of Civil Procedure 54 and power of courts to apportion costs).

Based upon the foregoing authorities, the court holds that Frances Amerspek's poor financial condition and her lesser part in the case justifies an exercise of discretion to reduce the defendants' bills of costs as to her. The record establishes that Amerspek, her husband, and her six-year-old son would suffer substantial financial hardship should she be required to pay her full share of the defendants' litigation costs. Amerspek has been unemployed since December 16, 1996, when her family was involved in a car accident in which she was seriously injured.[8] She has $100,000 in outstanding hospital bills from that accident.[9] As a result of the accident, her husband was unemployed for eleven months with no income.[10] Her husband now brings home $735 every two weeks.[11] The Amerspeks' expenses, which include a house payment of $632.00 per month, are more than their monthly income.[12] Furthermore, while Blevins brought causes of action for sex harassment, discrimination, retaliation, and constructive discharge under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 1981a, 2000e through 2000e–17, as well as state-law claims, Amerspek brought only two state-law claims. Thus, the court will exercise its discretion to apportion costs 70% to Annette Blevins and 30% to Frances Amerspek, and will further reduce those costs taxable to Amerspek by 90%.

▮ As for Blevins, she and her husband currently have a take-home income of approximately $3,620 per month.[13] They have monthly expenses totaling $2,495 per month.[14] While they are of modest means, the Blevinses are not poor. Thus, as discussed above, Annette Blevins will be responsible for 70% of the taxable costs, and the court will not reduce that amount on account of indigence.

## II. MOTION TO STAY EXECUTION

▮ The plaintiffs also request a stay of execution of the taxation of costs pending appeal. Under Federal Rule of Civil Procedure 62(d), the plaintiffs may obtain a stay by posting a supersedeas bond. The plain-

---

8. Affidavit of Frances Amerspek, attached to Plaintiffs' Brief.

9. *Id.*

10. *Id.*

11. *Id.*

12. *Id.*

13. Supplemental Affidavit of Annette Blevins, filed March 8, 1999.

14. *Id.*

tiffs request the court to forgo this requirement and instead allow as security an imposition to refrain from wasting or disposing of any assets. Although the court recognizes that it has the discretion to furnish an alternative to the bond requirement, the plaintiffs have not provided any evidence that they will be better able to pay costs in the future. Thus, the court will deny the motion for a stay.

### III. CONCLUSION

In accordance with the discussion above:

- Heilig Meyers's bill of costs of $2,397.90 will be reduced by $109.20 for available discounts on the depositions of Holcomb and Patrick Patterson, to $2,288.70.

- Holcomb's bill of costs of $811.50 will be reduced by $11.40 for unnecessary photocopies, to $800.10.

- Blevins will be taxed for 70% of both bills. of costs: $1,602.09 for Heilig–Meyers and $560.07 for Holcomb.

- The remaining 30% of the bills of costs, or $686.61 for Heilig–Meyers and $240.03 for Holcomb, will be taxed against Amerspek, but will be reduced by 90%. Thus Amerspek will be taxed a total of $68.66 for Heilig–Meyers and $24.00 for Holcomb.

To be sure, it could be argued the amount taxed against Amerspek is de minimis, and that the court could just as well have taxed Amerspek nothing. The court, however, believes that if a party can pay anything, no matter how small, she should. This litigation has been costly, in time and expense, to all parties involved, and, in fairness to all parties, all parties should share in the costs to the extent they can.

Accordingly, it is ORDERED that:

(1) Plaintiffs Annette Marie Blevins and Frances Elizabeth Amerspek's objections, filed January 28, 1999, to the bills of costs are overruled in part and sustained in part;

(2) Plaintiff Blevins is taxed $1,602.09 for the costs incurred by defendant Heilig–Meyers Corporation and $560.07 for the costs incurred by defendant Monte Holcomb;

(3) Plaintiff Amerspek is taxed $68.66 for the costs incurred by defendant Heilig–Meyers Corporation and $24.00 for the costs incurred by defendant Holcomb; and

(4) Plaintiffs Blevins and Amerspek's motion to stay execution, filed January 28, 1999, is denied.